B1 (Official Form 1)(12/11)

| United States Bankruptcy Court<br>Northern District of Illinois | Voluntary Petition |
|---|---|

| Name of Debtor (if individual, enter Last, First, Middle):<br>**KMIEC, TERRY A.** | Name of Joint Debtor (Spouse) (Last, First, Middle):<br>**KMIEC, MAUREEN T.** |
|---|---|
| All Other Names used by the Debtor in the last 8 years<br>(include married, maiden, and trade names):<br>**AKA Terry Kmiec; AKA Terrence A. Kmiec; AKA Terrence Kmiec** | All Other Names used by the Joint Debtor in the last 8 years<br>(include married, maiden, and trade names):<br>**AKA Maureen Kmiec; AKA Maureen Therese Kmiec** |
| Last four digits of Soc. Sec. or Individual-Taxpayer I.D. (ITIN) No./Complete EIN<br>(if more than one, state all)<br>**xxx-xx-9520** | Last four digits of Soc. Sec. or Individual-Taxpayer I.D. (ITIN) No./Complete EIN<br>(if more than one, state all)<br>**xxx-xx-5405** |
| Street Address of Debtor (No. and Street, City, and State):<br>**173 Steamboat Lane**<br>**Bolingbrook, IL**　　　　　ZIP Code **60490** | Street Address of Joint Debtor (No. and Street, City, and State):<br>**173 Steamboat Lane**<br>**Bolingbrook, IL**　　　　　ZIP Code **60490** |
| County of Residence or of the Principal Place of Business:<br>**Will** | County of Residence or of the Principal Place of Business:<br>**Will** |
| Mailing Address of Debtor (if different from street address):<br>　　　　　ZIP Code | Mailing Address of Joint Debtor (if different from street address):<br>　　　　　ZIP Code |
| Location of Principal Assets of Business Debtor<br>(if different from street address above):　　　　　ZIP Code | |

| Type of Debtor<br>(Form of Organization) (Check one box)<br><br>■ Individual (includes Joint Debtors)<br>　*See Exhibit D on page 2 of this form.*<br>□ Corporation (includes LLC and LLP)<br>□ Partnership<br>□ Other (If debtor is not one of the above entities,<br>　check this box and state type of entity below.) | Nature of Business<br>(Check one box)<br><br>□ Health Care Business<br>□ Single Asset Real Estate as defined<br>　in 11 U.S.C. § 101 (51B)<br>□ Railroad<br>□ Stockbroker<br>□ Commodity Broker<br>□ Clearing Bank<br>□ Other | Chapter of Bankruptcy Code Under Which<br>the Petition is Filed (Check one box)<br><br>■ Chapter 7　　□ Chapter 15 Petition for Recognition<br>□ Chapter 9　　　　of a Foreign Main Proceeding<br>□ Chapter 11<br>□ Chapter 12　　□ Chapter 15 Petition for Recognition<br>□ Chapter 13　　　　of a Foreign Nonmain Proceeding |
|---|---|---|

| Chapter 15 Debtors<br><br>Country of debtor's center of main interests:<br><br>Each country in which a foreign proceeding<br>by, regarding, or against debtor is pending: | Tax-Exempt Entity<br>(Check box, if applicable)<br><br>□ Debtor is a tax-exempt organization<br>　under Title 26 of the United States<br>　Code (the Internal Revenue Code). | Nature of Debts<br>(Check one box)<br><br>■ Debts are primarily consumer debts,　□ Debts are primarily<br>　defined in 11 U.S.C. § 101(8) as　　　business debts.<br>　"incurred by an individual primarily for<br>　a personal, family, or household purpose." |
|---|---|---|

| Filing Fee (Check one box)<br><br>■ Full Filing Fee attached<br><br>□ Filing Fee to be paid in installments (applicable to individuals only). Must<br>　attach signed application for the court's consideration certifying that the<br>　debtor is unable to pay fee except in installments. Rule 1006(b). See Official<br>　Form 3A.<br><br>□ Filing Fee waiver requested (applicable to chapter 7 individuals only). Must<br>　attach signed application for the court's consideration. See Official Form 3B. | Chapter 11 Debtors<br>Check one box:<br>□ Debtor is a small business debtor as defined in 11 U.S.C. § 101(51D).<br>□ Debtor is not a small business debtor as defined in 11 U.S.C. § 101(51D).<br>Check if:<br>□ Debtor's aggregate noncontingent liquidated debts (excluding debts owed to insiders or affiliates)<br>　are less than $2,343,300 *(amount subject to adjustment on 4/01/13 and every three years thereafter).*<br>Check all applicable boxes:<br>□ A plan is being filed with this petition.<br>□ Acceptances of the plan were solicited prepetition from one or more classes of creditors,<br>　in accordance with 11 U.S.C. § 1126(b). |
|---|---|

| Statistical/Administrative Information<br><br>□ Debtor estimates that funds will be available for distribution to unsecured creditors.<br>■ Debtor estimates that, after any exempt property is excluded and administrative expenses paid,<br>　there will be no funds available for distribution to unsecured creditors. | THIS SPACE IS FOR COURT USE ONLY |
|---|---|

Estimated Number of Creditors

| □ | ■ | □ | □ | □ | □ | □ | □ | □ | □ |
|---|---|---|---|---|---|---|---|---|---|
| 1-<br>49 | 50-<br>99 | 100-<br>199 | 200-<br>999 | 1,000-<br>5,000 | 5,001-<br>10,000 | 10,001-<br>25,000 | 25,001-<br>50,000 | 50,001-<br>100,000 | OVER<br>100,000 |

Estimated Assets

| □ | □ | ■ | □ | □ | □ | □ | □ | □ | □ |
|---|---|---|---|---|---|---|---|---|---|
| $0 to<br>$50,000 | $50,001 to<br>$100,000 | $100,001 to<br>$500,000 | $500,001<br>to $1<br>million | $1,000,001<br>to $10<br>million | $10,000,001<br>to $50<br>million | $50,000,001<br>to $100<br>million | $100,000,001<br>to $500<br>million | $500,000,001<br>to $1 billion | More than<br>$1 billion |

Estimated Liabilities

| □ | □ | ■ | □ | □ | □ | □ | □ | □ | □ |
|---|---|---|---|---|---|---|---|---|---|
| $0 to<br>$50,000 | $50,001 to<br>$100,000 | $100,001 to<br>$500,000 | $500,001<br>to $1<br>million | $1,000,001<br>to $10<br>million | $10,000,001<br>to $50<br>million | $50,000,001<br>to $100<br>million | $100,000,001<br>to $500<br>million | $500,000,001<br>to $1 billion | More than<br>$1 billion |

B1 (Official Form 1)(12/11)                                                                                    Page 2

| Voluntary Petition | Name of Debtor(s): |
|---|---|
| *(This page must be completed and filed in every case)* | **KMIEC, TERRY A.**<br>**KMIEC, MAUREEN T.** |

### All Prior Bankruptcy Cases Filed Within Last 8 Years (If more than two, attach additional sheet)

| Location Where Filed:  **- None -** | Case Number: | Date Filed: |
|---|---|---|
| Location Where Filed: | Case Number: | Date Filed: |

### Pending Bankruptcy Case Filed by any Spouse, Partner, or Affiliate of this Debtor (If more than one, attach additional sheet)

| Name of Debtor: **- None -** | Case Number: | Date Filed: |
|---|---|---|
| District: | Relationship: | Judge: |

| **Exhibit A** | **Exhibit B** |
|---|---|
| (To be completed if debtor is required to file periodic reports (e.g., forms 10K and 10Q) with the Securities and Exchange Commission pursuant to Section 13 or 15(d) of the Securities Exchange Act of 1934 and is requesting relief under chapter 11.)<br><br>☐ Exhibit A is attached and made a part of this petition. | (To be completed if debtor is an individual whose debts are primarily consumer debts.)<br><br>I, the attorney for the petitioner named in the foregoing petition, declare that I have informed the petitioner that [he or she] may proceed under chapter 7, 11, 12, or 13 of title 11, United States Code, and have explained the relief available under each such chapter. I further certify that I delivered to the debtor the notice required by 11 U.S.C. §342(b).<br><br>**X   /s/ Gregory D. Bruno**            **March 18, 2012**<br>Signature of Attorney for Debtor(s)            (Date)<br>**Gregory D. Bruno** |

### Exhibit C

Does the debtor own or have possession of any property that poses or is alleged to pose a threat of imminent and identifiable harm to public health or safety?

☐ Yes, and Exhibit C is attached and made a part of this petition.

■ No.

### Exhibit D

(To be completed by every individual debtor. If a joint petition is filed, each spouse must complete and attach a separate Exhibit D.)

■ Exhibit D completed and signed by the debtor is attached and made a part of this petition.

If this is a joint petition:

■ Exhibit D also completed and signed by the joint debtor is attached and made a part of this petition.

### Information Regarding the Debtor - Venue
(Check any applicable box)

■   Debtor has been domiciled or has had a residence, principal place of business, or principal assets in this District for 180 days immediately preceding the date of this petition or for a longer part of such 180 days than in any other District.

☐   There is a bankruptcy case concerning debtor's affiliate, general partner, or partnership pending in this District.

☐   Debtor is a debtor in a foreign proceeding and has its principal place of business or principal assets in the United States in this District, or has no principal place of business or assets in the United States but is a defendant in an action or proceeding [in a federal or state court] in this District, or the interests of the parties will be served in regard to the relief sought in this District.

### Certification by a Debtor Who Resides as a Tenant of Residential Property
(Check all applicable boxes)

☐   Landlord has a judgment against the debtor for possession of debtor's residence. (If box checked, complete the following.)

_____
(Name of landlord that obtained judgment)

_____
(Address of landlord)

☐   Debtor claims that under applicable nonbankruptcy law, there are circumstances under which the debtor would be permitted to cure the entire monetary default that gave rise to the judgment for possession, after the judgment for possession was entered, and

☐   Debtor has included in this petition the deposit with the court of any rent that would become due during the 30-day period after the filing of the petition.

☐   Debtor certifies that he/she has served the Landlord with this certification. (11 U.S.C. § 362(l)).

B1 (Official Form 1)(12/11)                                                                          Page 3

| Voluntary Petition | Name of Debtor(s): |
|---|---|
| (This page must be completed and filed in every case) | **KMIEC, TERRY A.**<br>**KMIEC, MAUREEN T.** |

Signatures

## Signature(s) of Debtor(s) (Individual/Joint)

I declare under penalty of perjury that the information provided in this petition is true and correct.
[If petitioner is an individual whose debts are primarily consumer debts and has chosen to file under chapter 7] I am aware that I may proceed under chapter 7, 11, 12, or 13 of title 11, United States Code, understand the relief available under each such chapter, and choose to proceed under chapter 7.
[If no attorney represents me and no bankruptcy petition preparer signs the petition] I have obtained and read the notice required by 11 U.S.C. §342(b).

I request relief in accordance with the chapter of title 11, United States Code, specified in this petition.

X **/s/ TERRY A. KMIEC**
Signature of Debtor **TERRY A. KMIEC**

X **/s/ MAUREEN T. KMIEC**
Signature of Joint Debtor **MAUREEN T. KMIEC**

Telephone Number (If not represented by attorney)

**March 18, 2012**
Date

## Signature of Attorney*

X **/s/ Gregory D. Bruno**
Signature of Attorney for Debtor(s)

**Gregory D. Bruno**
Printed Name of Attorney for Debtor(s)

**Law Offices of Gregory D. Bruno**
Firm Name
**1807 N. Broadway**
**Melrose Park, IL 60160**

Address

**(708) 343-4544  Fax: (708) 343-4670**
Telephone Number

**March 18, 2012**
Date
*In a case in which § 707(b)(4)(D) applies, this signature also constitutes a certification that the attorney has no knowledge after an inquiry that the information in the schedules is incorrect.

## Signature of Debtor (Corporation/Partnership)

I declare under penalty of perjury that the information provided in this petition is true and correct, and that I have been authorized to file this petition on behalf of the debtor.

The debtor requests relief in accordance with the chapter of title 11, United States Code, specified in this petition.

X _____
Signature of Authorized Individual

_____
Printed Name of Authorized Individual

_____
Title of Authorized Individual

_____
Date

## Signature of a Foreign Representative

I declare under penalty of perjury that the information provided in this petition is true and correct, that I am the foreign representative of a debtor in a foreign proceeding, and that I am authorized to file this petition.

(Check only one box.)

☐ I request relief in accordance with chapter 15 of title 11. United States Code. Certified copies of the documents required by 11 U.S.C. §1515 are attached.

☐ Pursuant to 11 U.S.C. §1511, I request relief in accordance with the chapter of title 11 specified in this petition. A certified copy of the order granting recognition of the foreign main proceeding is attached.

X _____
Signature of Foreign Representative

_____
Printed Name of Foreign Representative

_____
Date

## Signature of Non-Attorney Bankruptcy Petition Preparer

I declare under penalty of perjury that: (1) I am a bankruptcy petition preparer as defined in 11 U.S.C. § 110; (2) I prepared this document for compensation and have provided the debtor with a copy of this document and the notices and information required under 11 U.S.C. §§ 110(b), 110(h), and 342(b); and, (3) if rules or guidelines have been promulgated pursuant to 11 U.S.C. § 110(h) setting a maximum fee for services chargeable by bankruptcy petition preparers, I have given the debtor notice of the maximum amount before preparing any document for filing for a debtor or accepting any fee from the debtor, as required in that section. Official Form 19 is attached.

_____
Printed Name and title, if any, of Bankruptcy Petition Preparer

_____
Social-Security number (If the bankruptcy petition preparer is not an individual, state the Social Security number of the officer, principal, responsible person or partner of the bankruptcy petition preparer.)(Required by 11 U.S.C. § 110.)

_____
Address

X _____

_____
Date

Signature of bankruptcy petition preparer or officer, principal, responsible person,or partner whose Social Security number is provided above.

Names and Social-Security numbers of all other individuals who prepared or assisted in preparing this document unless the bankruptcy petition preparer is not an individual:

If more than one person prepared this document, attach additional sheets conforming to the appropriate official form for each person.

*A bankruptcy petition preparer's failure to comply with the provisions of title 11 and the Federal Rules of Bankruptcy Procedure may result in fines or imprisonment or both. 11 U.S.C. §110; 18 U.S.C. §156.*

B 1D (Official Form 1, Exhibit D) (12/09)

# United States Bankruptcy Court
## Northern District of Illinois

In re    **TERRY A. KMIEC**
      **MAUREEN T. KMIEC**                       Case No. _____

                              Debtor(s)       Chapter    **7** _____

## EXHIBIT D - INDIVIDUAL DEBTOR'S STATEMENT OF COMPLIANCE WITH CREDIT COUNSELING REQUIREMENT

**Warning: You must be able to check truthfully one of the five statements regarding credit counseling listed below. If you cannot do so, you are not eligible to file a bankruptcy case, and the court can dismiss any case you do file. If that happens, you will lose whatever filing fee you paid, and your creditors will be able to resume collection activities against you. If your case is dismissed and you file another bankruptcy case later, you may be required to pay a second filing fee and you may have to take extra steps to stop creditors' collection activities.**

*Every individual debtor must file this Exhibit D. If a joint petition is filed, each spouse must complete and file a separate Exhibit D. Check one of the five statements below and attach any documents as directed.*

■ 1. Within the 180 days **before the filing of my bankruptcy case**, I received a briefing from a credit counseling agency approved by the United States trustee or bankruptcy administrator that outlined the opportunities for available credit counseling and assisted me in performing a related budget analysis, and I have a certificate from the agency describing the services provided to me. *Attach a copy of the certificate and a copy of any debt repayment plan developed through the agency.*

☐ 2. Within the 180 days **before the filing of my bankruptcy case**, I received a briefing from a credit counseling agency approved by the United States trustee or bankruptcy administrator that outlined the opportunities for available credit counseling and assisted me in performing a related budget analysis, but I do not have a certificate from the agency describing the services provided to me. *You must file a copy of a certificate from the agency describing the services provided to you and a copy of any debt repayment plan developed through the agency no later than 14 days after your bankruptcy case is filed.*

☐ 3. I certify that I requested credit counseling services from an approved agency but was unable to obtain the services during the seven days from the time I made my request, and the following exigent circumstances merit a temporary waiver of the credit counseling requirement so I can file my bankruptcy case now. *[Summarize exigent circumstances here.]* ____

**If your certification is satisfactory to the court, you must still obtain the credit counseling briefing within the first 30 days after you file your bankruptcy petition and promptly file a certificate from the agency that provided the counseling, together with a copy of any debt management plan developed through the agency. Failure to fulfill these requirements may result in dismissal of your case. Any extension of the 30-day deadline can be granted only for cause and is limited to a maximum of 15 days. Your case may also be dismissed if the court is not satisfied with your reasons for filing your bankruptcy case without first receiving a credit counseling briefing.**

B 1D (Official Form 1, Exhibit D) (12/09) - Cont.                                                                Page 2

☐ 4. I am not required to receive a credit counseling briefing because of: *[Check the applicable statement.] [Must be accompanied by a motion for determination by the court.]*

    ☐ Incapacity. (Defined in 11 U.S.C. § 109(h)(4) as impaired by reason of mental illness or mental deficiency so as to be incapable of realizing and making rational decisions with respect to financial responsibilities.);

    ☐ Disability. (Defined in 11 U.S.C. § 109(h)(4) as physically impaired to the extent of being unable, after reasonable effort, to participate in a credit counseling briefing in person, by telephone, or through the Internet.);

    ☐ Active military duty in a military combat zone.

☐ 5. The United States trustee or bankruptcy administrator has determined that the credit counseling requirement of 11 U.S.C. § 109(h) does not apply in this district.

**I certify under penalty of perjury that the information provided above is true and correct.**

Signature of Debtor:    **/s/ TERRY A. KMIEC**
                          **TERRY A. KMIEC**

Date:    **March 18, 2012**

B 1D (Official Form 1, Exhibit D) (12/09)

# United States Bankruptcy Court
### Northern District of Illinois

In re    **TERRY A. KMIEC**      Case No. _____
     **MAUREEN T. KMIEC**

         Debtor(s)      Chapter    **7** _____

## EXHIBIT D - INDIVIDUAL DEBTOR'S STATEMENT OF COMPLIANCE WITH CREDIT COUNSELING REQUIREMENT

**Warning: You must be able to check truthfully one of the five statements regarding credit counseling listed below. If you cannot do so, you are not eligible to file a bankruptcy case, and the court can dismiss any case you do file. If that happens, you will lose whatever filing fee you paid, and your creditors will be able to resume collection activities against you. If your case is dismissed and you file another bankruptcy case later, you may be required to pay a second filing fee and you may have to take extra steps to stop creditors' collection activities.**

*Every individual debtor must file this Exhibit D. If a joint petition is filed, each spouse must complete and file a separate Exhibit D. Check one of the five statements below and attach any documents as directed.*

■ 1. Within the 180 days **before the filing of my bankruptcy case**, I received a briefing from a credit counseling agency approved by the United States trustee or bankruptcy administrator that outlined the opportunities for available credit counseling and assisted me in performing a related budget analysis, and I have a certificate from the agency describing the services provided to me. *Attach a copy of the certificate and a copy of any debt repayment plan developed through the agency.*

☐ 2. Within the 180 days **before the filing of my bankruptcy case**, I received a briefing from a credit counseling agency approved by the United States trustee or bankruptcy administrator that outlined the opportunities for available credit counseling and assisted me in performing a related budget analysis, but I do not have a certificate from the agency describing the services provided to me. *You must file a copy of a certificate from the agency describing the services provided to you and a copy of any debt repayment plan developed through the agency no later than 14 days after your bankruptcy case is filed.*

☐ 3. I certify that I requested credit counseling services from an approved agency but was unable to obtain the services during the seven days from the time I made my request, and the following exigent circumstances merit a temporary waiver of the credit counseling requirement so I can file my bankruptcy case now. *[Summarize exigent circumstances here.]* _____

**If your certification is satisfactory to the court, you must still obtain the credit counseling briefing within the first 30 days after you file your bankruptcy petition and promptly file a certificate from the agency that provided the counseling, together with a copy of any debt management plan developed through the agency. Failure to fulfill these requirements may result in dismissal of your case. Any extension of the 30-day deadline can be granted only for cause and is limited to a maximum of 15 days. Your case may also be dismissed if the court is not satisfied with your reasons for filing your bankruptcy case without first receiving a credit counseling briefing.**

B 1D (Official Form 1, Exhibit D) (12/09) - Cont.                                                    Page 2

☐ 4. I am not required to receive a credit counseling briefing because of: *[Check the applicable statement.] [Must be accompanied by a motion for determination by the court.]*

    ☐ Incapacity. (Defined in 11 U.S.C. § 109(h)(4) as impaired by reason of mental illness or mental deficiency so as to be incapable of realizing and making rational decisions with respect to financial responsibilities.);

    ☐ Disability. (Defined in 11 U.S.C. § 109(h)(4) as physically impaired to the extent of being unable, after reasonable effort, to participate in a credit counseling briefing in person, by telephone, or through the Internet.);

    ☐ Active military duty in a military combat zone.

☐ 5. The United States trustee or bankruptcy administrator has determined that the credit counseling requirement of 11 U.S.C. § 109(h) does not apply in this district.

**I certify under penalty of perjury that the information provided above is true and correct.**

        Signature of Debtor:  **/s/ MAUREEN T. KMIEC**

                            **MAUREEN T. KMIEC**

        Date:  **March 18, 2012**

B6 Summary (Official Form 6 - Summary) (12/07)

# United States Bankruptcy Court

## Northern District of Illinois

In re    **TERRY A. KMIEC,**
         **MAUREEN T. KMIEC**

_____ ,
                                                Debtors

Case No. _____

Chapter_____**7**_____

# SUMMARY OF SCHEDULES

Indicate as to each schedule whether that schedule is attached and state the number of pages in each.  Report the totals from Schedules A, B, D, E, F, I, and J in the boxes provided.  Add the amounts from Schedules A and B to determine the total amount of the debtor's assets. Add the amounts of all claims from Schedules D, E, and F to determine the total amount of the debtor's liabilities. Individual debtors must also complete the "Statistical Summary of Certain Liabilities and Related Data" if they file a case under chapter 7, 11, or 13.

| NAME OF SCHEDULE | ATTACHED (YES/NO) | NO. OF SHEETS | ASSETS | LIABILITIES | OTHER |
|---|---|---|---|---|---|
| A - Real Property | Yes | 1 | 201,800.00 | | |
| B - Personal Property | Yes | 4 | 61,134.40 | | |
| C - Property Claimed as Exempt | Yes | 2 | | | |
| D - Creditors Holding Secured Claims | Yes | 3 | | 182,816.00 | |
| E - Creditors Holding Unsecured Priority Claims (Total of Claims on Schedule E) | Yes | 1 | | 0.00 | |
| F - Creditors Holding Unsecured Nonpriority Claims | Yes | 11 | | 127,126.28 | |
| G - Executory Contracts and Unexpired Leases | Yes | 1 | | | |
| H - Codebtors | Yes | 1 | | | |
| I - Current Income of Individual Debtor(s) | Yes | 1 | | | 3,589.00 |
| J - Current Expenditures of Individual Debtor(s) | Yes | 2 | | | 3,704.23 |
| Total Number of Sheets of ALL Schedules | | 27 | | | |
| Total Assets | | | 262,934.40 | | |
| Total Liabilities | | | | 309,942.28 | |

Form 6 - Statistical Summary (12/07)

.

# United States Bankruptcy Court
## Northern District of Illinois

In re   **TERRY A. KMIEC,**
      **MAUREEN T. KMIEC**

Case No. _____

                                             Debtors     ,

Chapter _____**7**_____

# STATISTICAL SUMMARY OF CERTAIN LIABILITIES AND RELATED DATA (28 U.S.C. § 159)

If you are an individual debtor whose debts are primarily consumer debts, as defined in § 101(8) of the Bankruptcy Code (11 U.S.C.§ 101(8)), filing a case under chapter 7, 11 or 13, you must report all information requested below.

☐ Check this box if you are an individual debtor whose debts are NOT primarily consumer debts. You are not required to report any information here.

**This information is for statistical purposes only under 28 U.S.C. § 159.**

**Summarize the following types of liabilities, as reported in the Schedules, and total them.**

| Type of Liability | Amount |
|---|---|
| Domestic Support Obligations (from Schedule E) | 0.00 |
| Taxes and Certain Other Debts Owed to Governmental Units (from Schedule E) | 0.00 |
| Claims for Death or Personal Injury While Debtor Was Intoxicated (from Schedule E) (whether disputed or undisputed) | 0.00 |
| Student Loan Obligations (from Schedule F) | 0.00 |
| Domestic Support, Separation Agreement, and Divorce Decree Obligations Not Reported on Schedule E | 0.00 |
| Obligations to Pension or Profit-Sharing, and Other Similar Obligations (from Schedule F) | 0.00 |
| TOTAL | 0.00 |

**State the following:**

| | |
|---|---|
| Average Income (from Schedule I, Line 16) | 3,589.00 |
| Average Expenses (from Schedule J, Line 18) | 3,704.23 |
| Current Monthly Income (from Form 22A Line 12; OR, Form 22B Line 11; OR, Form 22C Line 20 ) | 6,460.87 |

**State the following:**

| | | |
|---|---|---|
| 1. Total from Schedule D, "UNSECURED PORTION, IF ANY" column | | 0.00 |
| 2. Total from Schedule E, "AMOUNT ENTITLED TO PRIORITY" column | 0.00 | |
| 3. Total from Schedule E, "AMOUNT NOT ENTITLED TO PRIORITY, IF ANY" column | | 0.00 |
| 4. Total from Schedule F | | 127,126.28 |
| 5. Total of non-priority unsecured debt (sum of 1, 3, and 4) | | 127,126.28 |

B6A (Official Form 6A) (12/07)

.

In re   **TERRY A. KMIEC,**   Case No. _____
        **MAUREEN T. KMIEC,**

_____,
Debtors

# SCHEDULE A - REAL PROPERTY

Except as directed below, list all real property in which the debtor has any legal, equitable, or future interest, including all property owned as a cotenant, community property, or in which the debtor has a life estate. Include any property in which the debtor holds rights and powers exercisable for the debtor's own benefit. If the debtor is married, state whether husband, wife, both, or the marital community own the property by placing an "H," "W," "J," or "C" in the column labeled "Husband, Wife, Joint, or Community." If the debtor holds no interest in real property, write "None" under "Description and Location of Property."

**Do not include interests in executory contracts and unexpired leases on this schedule. List them in Schedule G - Executory Contracts and Unexpired Leases.**

If an entity claims to have a lien or hold a secured interest in any property, state the amount of the secured claim. See Schedule D. If no entity claims to hold a secured interest in the property, write "None" in the column labeled "Amount of Secured Claim." If the debtor is an individual or if a joint petition is filed, state the amount of any exemption claimed in the property only in Schedule C - Property Claimed as Exempt.

| Description and Location of Property | Nature of Debtor's Interest in Property | Husband, Wife, Joint, or Community | Current Value of Debtor's Interest in Property, without Deducting any Secured Claim or Exemption | Amount of Secured Claim |
|---|---|---|---|---|
| **Single-family, three bedroom brick home located at 173 Steamboat Lane, Bolingbrook IL 60490** | **Debtors are sole owners of record in joint tenancy** | J | 201,800.00 | 182,816.00 |

| | | | | |
|---|---|---|---|---|
| | Sub-Total > | 201,800.00 | (Total of this page) |
| | Total > | 201,800.00 | |

**0** continuation sheets attached to the Schedule of Real Property

(Report also on Summary of Schedules)

Software Copyright (c) 1996-2012 - CCH INCORPORATED - www.bestcase.com   Best Case Bankruptcy

B6B (Official Form 6B) (12/07)

In re   **TERRY A. KMIEC,**
        **MAUREEN T. KMIEC**

Case No. _____

_____,
                    Debtors

# SCHEDULE B - PERSONAL PROPERTY

Except as directed below, list all personal property of the debtor of whatever kind. If the debtor has no property in one or more of the categories, place an "x" in the appropriate position in the column labeled "None." If additional space is needed in any category, attach a separate sheet properly identified with the case name, case number, and the number of the category. If the debtor is married, state whether husband, wife, both, or the marital community own the property by placing an "H," "W," "J," or "C" in the column labeled "Husband, Wife, Joint, or Community." If the debtor is an individual or a joint petition is filed, state the amount of any exemptions claimed only in Schedule C - Property Claimed as Exempt.

**Do not list interests in executory contracts and unexpired leases on this schedule. List them in Schedule G - Executory Contracts and Unexpired Leases.**

If the property is being held for the debtor by someone else, state that person's name and address under "Description and Location of Property."

If the property is being held for a minor child, simply state the child's initials and the name and address of the child's parent or guardian, such as "A.B., a minor child, by John Doe, guardian." Do not disclose the child's name. See, 11 U.S.C. §112 and Fed. R. Bankr. P. 1007(m).

| Type of Property | N O N E | Description and Location of Property | Husband, Wife, Joint, or Community | Current Value of Debtor's Interest in Property, without Deducting any Secured Claim or Exemption |
|---|---|---|---|---|
| 1.  Cash on hand | | **Cash on hand**<br>**Location: 173 Steamboat Lane, Bolingbrook IL 60490** | J | 100.00 |
| 2.  Checking, savings or other financial accounts, certificates of deposit, or shares in banks, savings and loan, thrift, building and loan, and homestead associations, or credit unions, brokerage houses, or cooperatives. | | **Checking account**<br>**West Suburban Bank, Bolingbrook, Illinois** | J | 100.00 |
| | | **Savings account**<br>**West Suburban Bank, Bolingbrook, Illinois** | J | 100.00 |
| 3.  Security deposits with public utilities, telephone companies, landlords, and others. | X | | | |
| 4.  Household goods and furnishings, including audio, video, and computer equipment. | | **Misc. items of furniture, to wit:  TV's, VCR, DVD player, stereo, bedroom sets, sofa & matching chair, end tables, kitchen table & chairs, cookware, small appliances, stove, refrigerator, microwave, washer, dryer, computers (2) and printer, cell phones** | J | 1,000.00 |
| 5.  Books, pictures and other art objects, antiques, stamp, coin, record, tape, compact disc, and other collections or collectibles. | X | | | |
| 6.  Wearing apparel. | | **Misc. items of man's, woman's and childrens' clothing**<br>**Location: 173 Steamboat Lane, Bolingbrook IL 60490** | J | 1,500.00 |
| 7.  Furs and jewelry. | | **Misc. items of man's and woman's jewelry, to wit: wedding rings, gold chain & cross, earrings, necklaces, bracelets, costume jewelry items, watches**<br>**Location: 173 Steamboat Lane, Bolingbrook IL 60490** | J | 1,000.00 |

Sub-Total >          **3,800.00**
(Total of this page)

__3__ continuation sheets attached to the Schedule of Personal Property

Software Copyright (c) 1996-2012 - CCH INCORPORATED - www.bestcase.com

Best Case Bankruptcy

B6B (Official Form 6B) (12/07) - Cont.

In re    **TERRY A. KMIEC,**                                             Case No. _____
       **MAUREEN T. KMIEC**
                                           ,
                           Debtors

# SCHEDULE B - PERSONAL PROPERTY
(Continuation Sheet)

| Type of Property | N O N E | Description and Location of Property | Husband, Wife, Joint, or Community | Current Value of Debtor's Interest in Property, without Deducting any Secured Claim or Exemption |
|---|:---:|---|:---:|---:|
| 8. Firearms and sports, photographic, and other hobby equipment. | X | | | |
| 9. Interests in insurance policies. Name insurance company of each policy and itemize surrender or refund value of each. | | **Met Life Insurance Company; cash surrender value - $1,370.13, as of 3/1/2012 Location: 173 Steamboat Lane, Bolingbrook IL 60490** | J | 790.73 |
| 10. Annuities. Itemize and name each issuer. | X | | | |
| 11. Interests in an education IRA as defined in 26 U.S.C. § 530(b)(1) or under a qualified State tuition plan as defined in 26 U.S.C. § 529(b)(1). Give particulars. (File separately the record(s) of any such interest(s). 11 U.S.C. § 521(c).) | X | | | |
| 12. Interests in IRA, ERISA, Keogh, or other pension or profit sharing plans. Give particulars. | | **Interest in IRA account, Wells Fargo Advisors, LLC, St. Louis, MO; as of 12/31/2011** | H | 31,843.55 |
| | | **Interest in 401(k) retirement savings account through Debtor wife's employer and administered by Fidelity Investments, Boston, MA; as of 11/30/2011** | W | 12,035.59 |
| | | **Interest in pension with Chicago Painters & Decorators District Council 14, Chicago, Illinois; interest is not yet vested** | H | Unknown |
| | | **Interest in Illinois Retirement Municipal Fund ("IRMF") through wife's former employment; as of 3/1/2012** | W | 534.36 |
| 13. Stock and interests in incorporated and unincorporated businesses. Itemize. | | **Interest in stock account co-owned with Debtor husband's father; PNC Financial Services Group, Providence, RI; as of 12/31/2011** | J | 816.17 |
| 14. Interests in partnerships or joint ventures. Itemize. | X | | | |
| 15. Government and corporate bonds and other negotiable and nonnegotiable instruments. | X | | | |
| 16. Accounts receivable. | X | | | |

                                                      Sub-Total >        **46,020.40**
                                                 (Total of this page)

Sheet  **1**  of  **3**  continuation sheets attached
to the Schedule of Personal Property

B6B (Official Form 6B) (12/07) - Cont.

In re    **TERRY A. KMIEC,**
    **MAUREEN T. KMIEC**

Case No. _____

_____,
                      Debtors

# SCHEDULE B - PERSONAL PROPERTY
### (Continuation Sheet)

| Type of Property | N O N E | Description and Location of Property | Husband, Wife, Joint, or Community | Current Value of Debtor's Interest in Property, without Deducting any Secured Claim or Exemption |
|---|---|---|---|---|
| 17. Alimony, maintenance, support, and property settlements to which the debtor is or may be entitled. Give particulars. | X | | | |
| 18. Other liquidated debts owed to debtor including tax refunds. Give particulars. | X | | | |
| 19. Equitable or future interests, life estates, and rights or powers exercisable for the benefit of the debtor other than those listed in Schedule A - Real Property. | X | | | |
| 20. Contingent and noncontingent interests in estate of a decedent, death benefit plan, life insurance policy, or trust. | X | | | |
| 21. Other contingent and unliquidated claims of every nature, including tax refunds, counterclaims of the debtor, and rights to setoff claims. Give estimated value of each. | X | | | |
| 22. Patents, copyrights, and other intellectual property. Give particulars. | X | | | |
| 23. Licenses, franchises, and other general intangibles. Give particulars. | X | | | |
| 24. Customer lists or other compilations containing personally identifiable information (as defined in 11 U.S.C. § 101(41A)) provided to the debtor by individuals in connection with obtaining a product or service from the debtor primarily for personal, family, or household purposes. | X | | | |
| 25. Automobiles, trucks, trailers, and other vehicles and accessories. | | **2004 Chevrolet Astro minivan; 121,000 miles; fair condition** <br> **Location: 173 Steamboat Lane, Bolingbrook IL 60490** | J | 2,889.00 |

Sub-Total >        2,889.00
(Total of this page)

Sheet __2__ of __3__ continuation sheets attached
to the Schedule of Personal Property

B6B (Official Form 6B) (12/07) - Cont.

In re    **TERRY A. KMIEC,**
    **MAUREEN T. KMIEC**

Case No. _____

Debtors

# SCHEDULE B - PERSONAL PROPERTY
(Continuation Sheet)

| Type of Property | N O N E | Description and Location of Property | Husband, Wife, Joint, or Community | Current Value of Debtor's Interest in Property, without Deducting any Secured Claim or Exemption |
|---|---|---|---|---|
| | | **2007 Chevrolet Impala automobile; 50,000 miles; good condition** **Location: 173 Steamboat Lane, Bolingbrook IL 60490** | J | 8,425.00 |
| 26. Boats, motors, and accessories. | X | | | |
| 27. Aircraft and accessories. | X | | | |
| 28. Office equipment, furnishings, and supplies. | X | | | |
| 29. Machinery, fixtures, equipment, and supplies used in business. | X | | | |
| 30. Inventory. | X | | | |
| 31. Animals. | X | | | |
| 32. Crops - growing or harvested. Give particulars. | X | | | |
| 33. Farming equipment and implements. | X | | | |
| 34. Farm supplies, chemicals, and feed. | X | | | |
| 35. Other personal property of any kind not already listed. Itemize. | X | | | |

Sub-Total >    8,425.00
(Total of this page)

Total >    61,134.40

Sheet __3__ of __3__ continuation sheets attached
to the Schedule of Personal Property

(Report also on Summary of Schedules)

Best Case Bankruptcy

B6C (Official Form 6C) (4/10)

.

In re   **TERRY A. KMIEC,**
   **MAUREEN T. KMIEC**

Case No. _____

_____,
Debtors

# SCHEDULE C - PROPERTY CLAIMED AS EXEMPT

Debtor claims the exemptions to which debtor is entitled under:
(Check one box)
- ☐ 11 U.S.C. §522(b)(2)
- ■ 11 U.S.C. §522(b)(3)

☐ Check if debtor claims a homestead exemption that exceeds
$146,450. *(Amount subject to adjustment on 4/1/13, and every three years thereafter
with respect to cases commenced on or after the date of adjustment.)*

| Description of Property | Specify Law Providing Each Exemption | Value of Claimed Exemption | Current Value of Property Without Deducting Exemption |
|---|---|---|---|
| **Real Property** | | | |
| **Single-family, three bedroom brick home located at 173 Steamboat Lane, Bolingbrook IL 60490** | **735 ILCS 5/12-901** | **18,984.00** | **201,800.00** |
| **Cash on Hand** | | | |
| **Cash on hand** Location: 173 Steamboat Lane, Bolingbrook IL 60490 | **735 ILCS 5/12-1001(b)** | **100.00** | **100.00** |
| **Checking, Savings, or Other Financial Accounts, Certificates of Deposit** | | | |
| **Checking account** West Suburban Bank, Bolingbrook, Illinois | **735 ILCS 5/12-1001(b)** | **100.00** | **100.00** |
| **Savings account** West Suburban Bank, Bolingbrook, Illinois | **735 ILCS 5/12-1001(b)** | **100.00** | **100.00** |
| **Household Goods and Furnishings** | | | |
| **Misc. items of furniture, to wit: TV's, VCR, DVD player, stereo, bedroom sets, sofa & matching chair, end tables, kitchen table & chairs, cookware, small appliances, stove, refrigerator, microwave, washer, dryer, computers (2) and printer, cell phones** | **735 ILCS 5/12-1001(b)** | **1,000.00** | **1,000.00** |
| **Wearing Apparel** | | | |
| **Misc. items of man's, woman's and childrens' clothing** Location: 173 Steamboat Lane, Bolingbrook IL 60490 | **735 ILCS 5/12-1001(a)** | **1,500.00** | **1,500.00** |
| **Furs and Jewelry** | | | |
| **Misc. items of man's and woman's jewelry, to wit: wedding rings, gold chain & cross, earrings, necklaces, bracelets, costume jewelry items, watches** Location: 173 Steamboat Lane, Bolingbrook IL 60490 | **735 ILCS 5/12-1001(b)** | **1,000.00** | **1,000.00** |
| **Interests in Insurance Policies** | | | |
| **Met Life Insurance Company; cash surrender value - $1,370.13, as of 3/1/2012** Location: 173 Steamboat Lane, Bolingbrook IL 60490 | **215 ILCS 5/238** | **790.73** | **790.73** |
| **Interests in IRA, ERISA, Keogh, or Other Pension or Profit Sharing Plans** | | | |
| **Interest in IRA account, Wells Fargo Advisors, LLC, St. Louis, MO; as of 12/31/2011** | **735 ILCS 5/12-704** | **31,843.55** | **31,843.55** |

___**1**___ continuation sheets attached to Schedule of Property Claimed as Exempt

**B6C (Official Form 6C) (4/10) -- Cont.**

In re    **TERRY A. KMIEC,**              Case No. _____
         **MAUREEN T. KMIEC**

                                              Debtors

# SCHEDULE C - PROPERTY CLAIMED AS EXEMPT
### (Continuation Sheet)

| Description of Property | Specify Law Providing Each Exemption | Value of Claimed Exemption | Current Value of Property Without Deducting Exemption |
|---|---|---|---|
| Interest in 401(k) retirement savings account through Debtor wife's employer and administered by Fidelity Investments, Boston, MA; as of 11/30/2011 | 735 ILCS 5/12-704 | 12,035.59 | 12,035.59 |
| Interest in pension with Chicago Painters & Decorators District Council 14, Chicago, Illinois; interest is not yet vested | 735 ILCS 5/12-704 | 100% | Unknown |
| Interest in Illinois Retirement Municipal Fund ("IRMF") through wife's former employment; as of 3/1/2012 | 735 ILCS 5/12-704 | 534.36 | 534.36 |
| **Stock and Interests in Businesses** Interest in stock account co-owned with Debtor husband's father; PNC Financial Services Group, Providence, RI; as of 12/31/2011 | 735 ILCS 5/12-1001(b) | 0.00 | 1,632.33 |
| **Automobiles, Trucks, Trailers, and Other Vehicles** 2004 Chevrolet Astro minivan; 121,000 miles; fair condition Location: 173 Steamboat Lane, Bolingbrook IL 60490 | 735 ILCS 5/12-1001(c) | 2,889.00 | 2,889.00 |
| 2007 Chevrolet Impala automobile; 50,000 miles; good condition Location: 173 Steamboat Lane, Bolingbrook IL 60490 | 735 ILCS 5/12-1001(c) 735 ILCS 5/12-1001(b) | 1,911.00 5,700.00 | 8,425.00 |

|  | Total: | 78,488.23 | 263,750.56 |
|---|---|---|---|

Sheet ___1___ of ___1___ continuation sheets attached to the Schedule of Property Claimed as Exempt

B6D (Official Form 6D) (12/07)

In re   **TERRY A. KMIEC,**                                                      Case No. _____
        **MAUREEN T. KMIEC**
                                                        ,
                                        Debtors

# SCHEDULE D - CREDITORS HOLDING SECURED CLAIMS

State the name, mailing address, including zip code, and last four digits of any account number of all entities holding claims secured by property of the debtor as of the date of filing of the petition. The complete account number of any account the debtor has with the creditor is useful to the trustee and the creditor and may be provided if the debtor chooses to do so. List creditors holding all types of secured interests such as judgment liens, garnishments, statutory liens, mortgages, deeds of trust, and other security interests.

List creditors in alphabetical order to the extent practicable. If a minor child is a creditor, the child's initials and the name and address of the child's parent or guardian, such as "A.B., a minor child, by John Doe, guardian." Do not disclose the child's name. See, 11 U.S.C. §112 and Fed. R. Bankr. P. 1007(m). If all secured creditors will not fit on this page, use the continuation sheet provided.

If any entity other than a spouse in a joint case may be jointly liable on a claim, place an "X" in the column labeled "Codebtor" ,include the entity on the appropriate schedule of creditors, and complete Schedule H - Codebtors. If a joint petition is filed, state whether the husband, wife, both of them, or the marital community may be liable on each claim by placing an "H", "W", "J", or "C" in the column labeled "Husband, Wife, Joint, or Community".

If the claim is contingent, place an "X" in the column labeled "Contingent". If the claim is unliquidated, place an "X" in the column labeled "Unliquidated". If the claim is disputed, place an "X" in the column labeled "Disputed". (You may need to place an "X" in more than one of these three columns.)

Total the columns labeled "Amount of Claim Without Deducting Value of Collateral" and "Unsecured Portion, if Any" in the boxes labeled "Total(s)" on the last sheet of the completed schedule. Report the total from the column labeled "Amount of Claim" also on the Summary of Schedules and, if the debtor is an individual with primarily consumer debts, report the total from the column labeled "Unsecured Portion" on the Statistical Summary of Certain Liabilities and Related Data.

☐  Check this box if debtor has no creditors holding secured claims to report on this Schedule D.

| CREDITOR'S NAME AND MAILING ADDRESS INCLUDING ZIP CODE, AND ACCOUNT NUMBER (See instructions above.) | C O D E B T O R | H W J C | DATE CLAIM WAS INCURRED, NATURE OF LIEN, AND DESCRIPTION AND VALUE OF PROPERTY SUBJECT TO LIEN | C O N T I N G E N T | U N L I Q U I D A T E D | D I S P U T E D | AMOUNT OF CLAIM WITHOUT DEDUCTING VALUE OF COLLATERAL | UNSECURED PORTION, IF ANY |
|---|---|---|---|---|---|---|---|---|
| Account No. **51051488** <br><br> **BMO Harris Trust & Savings** <br> **111 W. Monroe Street** <br> **Chicago, IL 60603** | | J | Opened 10/15/97 <br><br> old mortgage of record <br><br><br> Value $          **Unknown** | | | | **Unknown** | **Unknown** |
| Account No. **2766298** <br><br> **CarMax Auto Finance** <br> **2040 Thalbro St.** <br> **Richmond, VA 23230** | | H | Opened 10/31/03  Last Active  2/25/05 <br><br> old car loan of record <br><br><br> Value $          **Unknown** | | | | **0.00** | **Unknown** |
| Account No. **10436617252303** <br><br> **Chase** <br> **PO Box 901076** <br> **Ft Worth, TX 76101** | | J | Opened 12/31/04  Last Active 12/01/06 <br><br> old car loan of record <br><br><br> Value $          **Unknown** | | | | **0.00** | **Unknown** |
| Account No. **1968226434** <br><br> **Chase Manhattan Mortgage** <br> **3415 Vision Dr.** <br> **Columbus, OH 43219** | | J | Opened  1/04/02  Last Active 12/01/04 <br><br> old mortgage of record <br><br><br> Value $          **Unknown** | | | | **0.00** | **Unknown** |

  **2**   continuation sheets attached

Subtotal

(Total of this page)

**0.00**   **0.00**

B6D (Official Form 6D) (12/07) - Cont.

In re    **TERRY A. KMIEC,**
      **MAUREEN T. KMIEC**

Case No. _____

_____,
Debtors

## SCHEDULE D - CREDITORS HOLDING SECURED CLAIMS
(Continuation Sheet)

| CREDITOR'S NAME AND MAILING ADDRESS INCLUDING ZIP CODE, AND ACCOUNT NUMBER (See instructions.) | C O D E B T O R | Husband, Wife, Joint, or Community | | | DATE CLAIM WAS INCURRED, NATURE OF LIEN, AND DESCRIPTION AND VALUE OF PROPERTY SUBJECT TO LIEN | C O N T I N G E N T | U N L I Q U I D A T E D | D I S P U T E D | AMOUNT OF CLAIM WITHOUT DEDUCTING VALUE OF COLLATERAL | UNSECURED PORTION, IF ANY |
|---|---|---|---|---|---|---|---|---|---|---|
| | | H | W | J C | | | | | | |
| Account No. **601102215** | | | | | Opened 11/19/04  Last Active 11/28/08 | | | | | |
| **GMAC Mortgage**<br>P) Box 4622<br>Waterloo, IA 50704 | | | | J | old mortgage of record | | | | | |
| | | | | | Value $          **Unknown** | | | | **0.00** | **Unknown** |
| Account No. **27039376500001** | | | | | Opened 12/21/99  Last Active 10/24/03 | | | | | |
| **Hinsdale B&T**<br>25 E First St<br>Hinsdale, IL 60521 | | | | J | old car loan of record | | | | | |
| | | | | | Value $          **Unknown** | | | | **0.00** | **Unknown** |
| Account No. **27069256100001** | | | | | Opened  3/17/05  Last Active  3/26/10 | | | | | |
| **Hinsdale Bank & Trust**<br>25 E. First Street<br>Hinsdale, IL 60521 | | | | J | old car loan of record | | | | | |
| | | | | | Value $          **Unknown** | | | | **0.00** | **Unknown** |
| Account No. **4810830817201** | | | | | Opened 12/15/08  Last Active 12/01/11 | | | | | |
| **Metlife Home Loan**<br>4000 Horizon Way<br>Irving, TX 75063 | | | | J | first mortgage<br><br>Single-family, three bedroom brick home located at 173 Steamboat Lane, Bolingbrook IL 60490 | | | | | |
| | | | | | Value $          **201,800.00** | | | | **182,816.00** | **0.00** |
| Account No. **2004357** | | | | | Opened 12/15/08  Last Active 11/15/10 | | | | | |
| **New York Community Bank**<br>1801 E 9th St.,  Ste 200<br>Cleveland, OH 44114 | | | | J | old mortgage of record | | | | | |
| | | | | | Value $          **Unknown** | | | | **0.00** | **Unknown** |

Sheet  **1**  of  **2**  continuation sheets attached to
Schedule of Creditors Holding Secured Claims

Subtotal
(Total of this page)

| | |
|---|---|
| **182,816.00** | **0.00** |

B6D (Official Form 6D) (12/07) - Cont.

In re    **TERRY A. KMIEC,**                                Case No. _____

        **MAUREEN T. KMIEC**

_____,

                          Debtors

# SCHEDULE D - CREDITORS HOLDING SECURED CLAIMS
(Continuation Sheet)

| CREDITOR'S NAME AND MAILING ADDRESS INCLUDING ZIP CODE, AND ACCOUNT NUMBER (See instructions.) | CODEBTOR | Husband, Wife, Joint, or Community H W J C | DATE CLAIM WAS INCURRED, NATURE OF LIEN, AND DESCRIPTION AND VALUE OF PROPERTY SUBJECT TO LIEN | CONTINGENT | UNLIQUIDATED | DISPUTED | AMOUNT OF CLAIM WITHOUT DEDUCTING VALUE OF COLLATERAL | UNSECURED PORTION, IF ANY |
|---|---|---|---|---|---|---|---|---|
| Account No. **5260007333885**<br><br>**Wfm/Wbm**<br>**3480 Stateview Blvd Bldg**<br>**Fort Mill, SC 29715** | | J | Opened 1/04/02 Last Active 5/01/02<br><br>old mortgage of record<br><br><br>Value $            **Unknown** | | | | 0.00 | **Unknown** |
| Account No. | | | <br><br><br>Value $ | | | | | |
| Account No. | | | <br><br><br>Value $ | | | | | |
| Account No. | | | <br><br><br>Value $ | | | | | |
| Account No. | | | <br><br><br>Value $ | | | | | |

| | | |
|---|---|---|
| Sheet **2** of **2** continuation sheets attached to Schedule of Creditors Holding Secured Claims | Subtotal<br>(Total of this page) | 0.00       0.00 |
| | Total<br>(Report on Summary of Schedules) | 182,816.00       0.00 |

B6E (Official Form 6E) (4/10)

.

In re    **TERRY A. KMIEC,**                                                                    Case No. _____
         **MAUREEN T. KMIEC**
                                                                         ,
                                    Debtors

# SCHEDULE E - CREDITORS HOLDING UNSECURED PRIORITY CLAIMS

A complete list of claims entitled to priority, listed separately by type of priority, is to be set forth on the sheets provided. Only holders of unsecured claims entitled to priority should be listed in this schedule. In the boxes provided on the attached sheets, state the name, mailing address, including zip code, and last four digits of the account number, if any, of all entities holding priority claims against the debtor or the property of the debtor, as of the date of the filing of the petition. Use a separate continuation sheet for each type of priority and label each with the type of priority.

The complete account number of any account the debtor has with the creditor is useful to the trustee and the creditor and may be provided if the debtor chooses to do so. If a minor child is a creditor, state the child's initials and the name and address of the child's parent or guardian, such as "A.B., a minor child, by John Doe, guardian." Do not disclose the child's name. See, 11 U.S.C. §112 and Fed. R. Bankr. P. 1007(m).

If any entity other than a spouse in a joint case may be jointly liable on a claim, place an "X" in the column labeled "Codebtor," include the entity on the appropriate schedule of creditors, and complete Schedule H-Codebtors. If a joint petition is filed, state whether the husband, wife, both of them, or the marital community may be liable on each claim by placing an "H," "W," "J," or "C" in the column labeled "Husband, Wife, Joint, or Community." If the claim is contingent, place an "X" in the column labeled "Contingent." If the claim is unliquidated, place an "X" in the column labeled "Unliquidated." If the claim is disputed, place an "X" in the column labeled "Disputed." (You may need to place an "X" in more than one of these three columns.)

Report the total of claims listed on each sheet in the box labeled "Subtotals" on each sheet. Report the total of all claims listed on this Schedule E in the box labeled "Total" on the last sheet of the completed schedule. Report this total also on the Summary of Schedules.

Report the total of amounts entitled to priority listed on each sheet in the box labeled "Subtotals" on each sheet. Report the total of all amounts entitled to priority listed on this Schedule E in the box labeled "Totals" on the last sheet of the completed schedule. Individual debtors with primarily consumer debts report this total also on the Statistical Summary of Certain Liabilities and Related Data.

Report the total of amounts not entitled to priority listed on each sheet in the box labeled "Subtotals" on each sheet. Report the total of all amounts not entitled to priority listed on this Schedule E in the box labeled "Totals" on the last sheet of the completed schedule. Individual debtors with primarily consumer debts report this total also on the Statistical Summary of Certain Liabilities and Related Data.

■ Check this box if debtor has no creditors holding unsecured priority claims to report on this Schedule E.

**TYPES OF PRIORITY CLAIMS**  (Check the appropriate box(es) below if claims in that category are listed on the attached sheets)

☐ **Domestic support obligations**

Claims for domestic support that are owed to or recoverable by a spouse, former spouse, or child of the debtor, or the parent, legal guardian, or responsible relative of such a child, or a governmental unit to whom such a domestic support claim has been assigned to the extent provided in 11 U.S.C. § 507(a)(1).

☐ **Extensions of credit in an involuntary case**

Claims arising in the ordinary course of the debtor's business or financial affairs after the commencement of the case but before the earlier of the appointment of a trustee or the order for relief. 11 U.S.C. § 507(a)(3).

☐ **Wages, salaries, and commissions**

Wages, salaries, and commissions, including vacation, severance, and sick leave pay owing to employees and commissions owing to qualifying independent sales representatives up to $11,725* per person earned within 180 days immediately preceding the filing of the original petition, or the cessation of business, whichever occurred first, to the extent provided in 11 U.S.C. § 507(a)(4).

☐ **Contributions to employee benefit plans**

Money owed to employee benefit plans for services rendered within 180 days immediately preceding the filing of the original petition, or the cessation of business, whichever occurred first, to the extent provided in 11 U.S.C. § 507(a)(5).

☐ **Certain farmers and fishermen**

Claims of certain farmers and fishermen, up to $5,775* per farmer or fisherman, against the debtor, as provided in 11 U.S.C. § 507(a)(6).

☐ **Deposits by individuals**

Claims of individuals up to $2,600* for deposits for the purchase, lease, or rental of property or services for personal, family, or household use, that were not delivered or provided. 11 U.S.C. § 507(a)(7).

☐ **Taxes and certain other debts owed to governmental units**

Taxes, customs duties, and penalties owing to federal, state, and local governmental units as set forth in 11 U.S.C. § 507(a)(8).

☐ **Commitments to maintain the capital of an insured depository institution**

Claims based on commitments to the FDIC, RTC, Director of the Office of Thrift Supervision, Comptroller of the Currency, or Board of Governors of the Federal Reserve System, or their predecessors or successors, to maintain the capital of an insured depository institution. 11 U.S.C. § 507 (a)(9).

☐ **Claims for death or personal injury while debtor was intoxicated**

Claims for death or personal injury resulting from the operation of a motor vehicle or vessel while the debtor was intoxicated from using alcohol, a drug, or another substance. 11 U.S.C. § 507(a)(10).

\* Amount subject to adjustment on 4/01/13, and every three years thereafter with respect to cases commenced on or after the date of adjustment.

**0**   continuation sheets attached

B6F (Official Form 6F) (12/07)

In re **TERRY A. KMIEC,**
      **MAUREEN T. KMIEC,**

Case No. _____

                    Debtors

# SCHEDULE F - CREDITORS HOLDING UNSECURED NONPRIORITY CLAIMS

State the name, mailing address, including zip code, and last four digits of any account number, of all entities holding unsecured claims without priority against the debtor or the property of the debtor, as of the date of filing of the petition. The complete account number of any account the debtor has with the creditor is useful to the trustee and the creditor and may be provided if the debtor chooses to do so. If a minor child is a creditor, state the child's initials and the name and address of the child's parent or guardian, such as "A.B., a minor child, by John Doe, guardian." Do not disclose the child's name. See, 11 U.S.C. §112 and Fed. R. Bankr. P. 1007(m). Do not include claims listed in Schedules D and E. If all creditors will not fit on this page, use the continuation sheet provided.

If any entity other than a spouse in a joint case may be jointly liable on a claim, place an "X" in the column labeled "Codebtor," include the entity on the appropriate schedule of creditors, and complete Schedule H - Codebtors. If a joint petition is filed, state whether the husband, wife, both of them, or the marital community may be liable on each claim by placing an "H," "W," "J," or "C" in the column labeled "Husband, Wife, Joint, or Community."

If the claim is contingent, place an "X" in the column labeled "Contingent." If the claim is unliquidated, place an "X" in the column labeled "Unliquidated." If the claim is disputed, place an "X" in the column labeled "Disputed." (You may need to place an "X" in more than one of these three columns.)

Report the total of all claims listed on this schedule in the box labeled "Total" on the last sheet of the completed schedule. Report this total also on the Summary of Schedules and, if the debtor is an individual with primarily consumer debts, report this total also on the Statistical Summary of Certain Liabilities and Related Data.

☐ Check this box if debtor has no creditors holding unsecured claims to report on this Schedule F.

| CREDITOR'S NAME, MAILING ADDRESS INCLUDING ZIP CODE, AND ACCOUNT NUMBER (See instructions above.) | CODEBTOR | Husband, Wife, Joint, or Community | | | | CONTINGENT | UNLIQUIDATED | DISPUTED | AMOUNT OF CLAIM |
|---|---|---|---|---|---|---|---|---|---|
| | | H/W | J/C | DATE CLAIM WAS INCURRED AND CONSIDERATION FOR CLAIM. IF CLAIM IS SUBJECT TO SETOFF, SO STATE. | | | | | |
| Account No. 011679563016337693<br><br>**Amex / American Express**<br>**Po Box 297871**<br>**Fort Lauderdale, FL 33329** | | H | | **Opened  5/01/87**<br>**Credit account** | | | | | **Unknown** |
| Account No. 5157-3500-1507-9436<br><br>**AT&T Universal Card**<br>**AT&T Universal Worlds MasterCard**<br>**PO Box 6500**<br>**Sioux Falls, SD 57117** | | J | | **on or about 1998 - 2011**<br>**Misc. credit card purchases for food, clothes, gas, household goods and/or various sundry items.** | | | | | **21,618.58** |
| Account No. 74975418574467<br><br>**Bank of America**<br>**PO Box 982238**<br>**El Paso, TX 79998** | | H | | **Opened 11/10/05  Last Active 12/14/11**<br>**Misc. credit card purchases for food, clothes, gas, household goods and/or various sundry items.** | | | | | **5,578.41** |
| Account No. 7001-0610-0042-8884<br><br>**Best Buy**<br>**c/o HSBC Retail Services**<br>**PO Box 17298**<br>**Baltimore, MD 21297** | | J | | **on or about 2005 - 2011**<br>**Claim for balance due on credit account for merchandise purchased or services rendered** | | | | | **2,814.31** |

    **10**   continuation sheets attached

Subtotal
(Total of this page)       **30,011.30**

B6F (Official Form 6F) (12/07) - Cont.

In re **TERRY A. KMIEC,**
       **MAUREEN T. KMIEC** Case No. _____
_____ ,
                                              Debtors

## SCHEDULE F - CREDITORS HOLDING UNSECURED NONPRIORITY CLAIMS
(Continuation Sheet)

| CREDITOR'S NAME, MAILING ADDRESS INCLUDING ZIP CODE, AND ACCOUNT NUMBER (See instructions above.) | C O D E B T O R | Husband, Wife, Joint, or Community | | | DATE CLAIM WAS INCURRED AND CONSIDERATION FOR CLAIM. IF CLAIM IS SUBJECT TO SETOFF, SO STATE. | C O N T I N G E N T | U N L I Q U I D A T E D | D I S P U T E D | AMOUNT OF CLAIM |
|---|---|---|---|---|---|---|---|---|---|
| | | H | W J C | J C | | | | | |
| Account No. 5291492182386223 <br><br>**Capital One** <br>**Capital One Bank (USA), N.A.** <br>**P.O. Box 85520** <br>**Richmond, VA 23285** | | H | | | Opened  4/10/02  Last Active 12/02/11 <br>**Misc. credit card purchases for food, clothes,** <br>**gas, household goods and/or various sundry** <br>**items.** | | | | 1,328.78 |
| Account No. 027-2467-853 <br><br>**Capital One, N.A.** <br>**c/o Kohl's** <br>**PO Box 3043** <br>**Milwaukee, WI 53201** | | | J | | Opened 12/15/97  Last Active 12/09/11 <br>**Claim for balance due on credit account for** <br>**merchandise purchased or services rendered** | | | | 2,634.99 |
| Account No. 0000-0001-8874-8261 <br><br>**Carson's** <br>**HSBC Retail Services** <br>**PO Box 17264** <br>**Baltimore, MD 21297** | | | J | | Opened 10/13/96  Last Active 11/22/11 <br>**Claim for balance due on credit account for** <br>**merchandise purchased or services rendered** | | | | 949.31 |
| Account No. 4118165002048892 <br><br>**Chase / Chase Bank USA, N.A.** <br>**P.O. Box 15298** <br>**Wilmington, DE 19850** | | H | | | Opened 10/07/96  Last Active 12/09/05 <br>**Credit account** | | | | 0.00 |
| Account No. 5184450080392735 <br><br>**Chase / Chase Bank USA, N.A.** <br>**P.O. Box 15298** <br>**Wilmington, DE 19850** | | | J | | Opened 11/04/98  Last Active 12/23/05 <br>**Credit account** | | | | 0.00 |

Sheet no. __**1**___ of __**10**___ sheets attached to Schedule of
Creditors Holding Unsecured Nonpriority Claims

Subtotal
(Total of this page)

4,913.08

B6F (Official Form 6F) (12/07) - Cont.

In re    **TERRY A. KMIEC,**
**MAUREEN T. KMIEC**    Case No. _____

_____,
Debtors

## SCHEDULE F - CREDITORS HOLDING UNSECURED NONPRIORITY CLAIMS
(Continuation Sheet)

| CREDITOR'S NAME, MAILING ADDRESS INCLUDING ZIP CODE, AND ACCOUNT NUMBER (See instructions above.) | CODEBTOR | H W J C | DATE CLAIM WAS INCURRED AND CONSIDERATION FOR CLAIM. IF CLAIM IS SUBJECT TO SETOFF, SO STATE. | CONTINGENT | UNLIQUIDATED | DISPUTED | AMOUNT OF CLAIM |
|---|---|---|---|---|---|---|---|
| Account No. **4621201240155015**<br><br>**Citi**<br>**Po Box 6497**<br>**Sioux Falls, SD 57117** | | H | **Opened  9/07/99  Last Active  4/01/02**<br>**Credit account** | | | | **0.00** |
| Account No. **5157-3500-1507-9436**<br><br>**Citi / Citi Cards**<br>**PO Box 6500**<br>**Sioux Falls, SD 57117** | | J | **on or about 1998 - 2011**<br>**Misc. credit card purchases for food, clothes, gas, household goods and/or various sundry items.** | | | | **21,618.58** |
| Account No.<br><br>**ARS National Services, Inc.**<br>**P.O. Box 463023**<br>**Escondido, CA 92046** | | | **Representing:**<br>**Citi / Citi Cards** | | | | **Notice Only** |
| Account No.<br><br>**Associated Recovery Systems**<br>**ARS National Services Inc.**<br>**PO Box 469046**<br>**Escondido, CA 92046** | | | **Representing:**<br>**Citi / Citi Cards** | | | | **Notice Only** |
| Account No. **6032590300923314**<br><br>**Citi Ctb**<br>**Po Box 22066**<br>**Tempe, AZ 85285** | | H | **Opened  4/01/04  Last Active 11/29/04**<br>**Charge Account** | | | | **0.00** |

Sheet no. __2__ of __10__ sheets attached to Schedule of
Creditors Holding Unsecured Nonpriority Claims

Subtotal
(Total of this page)

**21,618.58**

B6F (Official Form 6F) (12/07) - Cont.

In re   **TERRY A. KMIEC,**
    **MAUREEN T. KMIEC**

_____,
Debtors

Case No. _____

# SCHEDULE F - CREDITORS HOLDING UNSECURED NONPRIORITY CLAIMS
(Continuation Sheet)

| CREDITOR'S NAME, MAILING ADDRESS INCLUDING ZIP CODE, AND ACCOUNT NUMBER (See instructions above.) | C O D E B T O R | H W J C | DATE CLAIM WAS INCURRED AND CONSIDERATION FOR CLAIM.  IF CLAIM IS SUBJECT TO SETOFF, SO STATE. | C O N T I N G E N T | U N L I Q U I D A T E D | D I S P U T E D | AMOUNT OF CLAIM |
|---|---|---|---|---|---|---|---|
| Account No. **6032590320456279** <br><br> **Citi Ctb** <br> **Po Box 22066** <br> **Tempe, AZ 85285** | | H | Opened  4/18/99  Last Active  9/24/03 <br> **Charge Account** | | | | **0.00** |
| Account No. **6035320075535755** <br><br> **Citibank, N.A. / The Home Depot** <br> **PO Box 6497** <br> **Sioux Falls, SD 57117** | | H | Opened  4/01/00  Last Active 12/11/11 <br> **Misc. credit card purchases for food, clothes, gas, household goods and/or various sundry items.** | | | | **3,700.73** |
| Account No. <br><br> **ARS National Services, Inc.** <br> **P.O. Box 463023** <br> **Escondido, CA 92046** | | | **Representing:** <br> **Citibank, N.A. / The Home Depot** | | | | **Notice Only** |
| Account No. <br><br> **Associated Recovery Systems** <br> **ARS National Services Inc.** <br> **PO Box 469046** <br> **Escondido, CA 92046** | | | **Representing:** <br> **Citibank, N.A. / The Home Depot** | | | | **Notice Only** |
| Account No. **6012500119445924** <br><br> **ConsecoFinance** <br> **345 St Peter / 900 Landmark** <br> **Saint Paul, MN 55102** | | H | Opened  4/01/01  Last Active  3/01/03 <br> **Charge Account** | | | | **0.00** |

Sheet no. __3___ of __10__ sheets attached to Schedule of
Creditors Holding Unsecured Nonpriority Claims

Subtotal
(Total of this page)

**3,700.73**

B6F (Official Form 6F) (12/07) - Cont.

In re   **TERRY A. KMIEC,**
     **MAUREEN T. KMIEC**                                              Case No. _____

                                                Debtors

# SCHEDULE F - CREDITORS HOLDING UNSECURED NONPRIORITY CLAIMS
### (Continuation Sheet)

| CREDITOR'S NAME, MAILING ADDRESS INCLUDING ZIP CODE, AND ACCOUNT NUMBER (See instructions above.) | CODEBTOR | HWJC | DATE CLAIM WAS INCURRED AND CONSIDERATION FOR CLAIM. IF CLAIM IS SUBJECT TO SETOFF, SO STATE. | CONTINGENT | UNLIQUIDATED | DISPUTED | AMOUNT OF CLAIM |
|---|---|---|---|---|---|---|---|
| Account No. **1715287676**<br><br>**CPU / Citibank NA**<br>**Po Box 6497**<br>**Sioux Falls, SD 57117** | | J | Opened 4/26/89 Last Active 7/27/08<br>Credit account | | | | 0.00 |
| Account No. **6011007910581007**<br><br>**Discover Card / Discover Bank**<br>**Discover Financial Services LLC**<br>**P.O. Box 15316**<br>**Wilmington, DE 19850** | | J | Opened 8/20/96 Last Active 8/01/02<br>Credit account | | | | 0.00 |
| Account No. **74975418574467**<br><br>**FIA Card Services, N.A.**<br>**P.O. Box 15646**<br>**Wilmington, DE 19850** | | J | Opened 11/10/05 Last Active 12/14/11<br>Misc. credit card purchases for food, clothes, gas, household goods and/or various sundry items. | | | | 5,578.41 |
| Account No.<br><br>**FIA Card Services, N.A.**<br>**655 Papermill Road**<br>**Wilmington, DE 19884** | | | Representing:<br>FIA Card Services, N.A. | | | | Notice Only |
| Account No. **5490999265666635**<br><br>**FIA Csna**<br>**FIA Card Services, N.A.**<br>**PO Box 982238**<br>**El Paso, TX 79998** | | J | Opened 5/16/99 Last Active 6/01/11<br>Credit account | | | | 0.00 |

Sheet no. __4__ of __10__ sheets attached to Schedule of Creditors Holding Unsecured Nonpriority Claims

                    Subtotal
                  (Total of this page)      **5,578.41**

B6F (Official Form 6F) (12/07) - Cont.

In re    **TERRY A. KMIEC,**
     **MAUREEN T. KMIEC,**

Case No. _____

_____,
Debtors

# SCHEDULE F - CREDITORS HOLDING UNSECURED NONPRIORITY CLAIMS
(Continuation Sheet)

| CREDITOR'S NAME, MAILING ADDRESS INCLUDING ZIP CODE, AND ACCOUNT NUMBER (See instructions above.) | C O D E B T O R | H W J C | Husband, Wife, Joint, or Community DATE CLAIM WAS INCURRED AND CONSIDERATION FOR CLAIM. IF CLAIM IS SUBJECT TO SETOFF, SO STATE. | C O N T I N G E N T | U N L I Q U I D A T E D | D I S P U T E D | AMOUNT OF CLAIM |
|---|---|---|---|---|---|---|---|
| Account No. **6008893784194429**<br><br>**GE Capital Retail Bank / JCPenney**<br>**PO Box 984100**<br>**El Paso, TX 79998** | | W | **Opened  6/13/89  Last Active 11/23/11**<br>**Claim for balance due on credit account for merchandise purchased or services rendered** | | | | **2,833.92** |
| Account No.<br><br>**GE Capital Retail Bank**<br>**Attn:  Bankruptcy Dept.**<br>**P.O. Box 103104**<br>**Roswell, GA 30076** | | | **Representing:**<br>**GE Capital Retail Bank / JCPenney** | | | | **Notice Only** |
| Account No. **7714100571116235**<br><br>**GE Capital Retail Bank / Sams Club**<br>**PO Box 981400**<br>**El Paso, TX 79998** | | J | **Opened  3/22/96  Last Active 12/01/11**<br>**Claim for balance due on credit account for merchandise purchased or services rendered** | | | | **694.29** |
| Account No.<br><br>**GE Capital Retail Bank**<br>**Attn:  Bankruptcy Dept.**<br>**P.O. Box 103104**<br>**Roswell, GA 30076** | | | **Representing:**<br>**GE Capital Retail Bank / Sams Club** | | | | **Notice Only** |
| Account No. **6034620237432242**<br><br>**Gecrb / Home Design-Hi-P**<br>**GE Capital Retail Bank**<br>**PO Box 981439**<br>**El Paso, TX 79998** | | J | **Opened 11/17/10  Last Active 12/08/11**<br>**Claim for balance due on credit account for merchandise purchased or services rendered** | | | | **7,433.33** |

Sheet no. **5** of **10** sheets attached to Schedule of
Creditors Holding Unsecured Nonpriority Claims

Subtotal
(Total of this page)

**10,961.54**

B6F (Official Form 6F) (12/07) - Cont.

In re   **TERRY A. KMIEC,**
    **MAUREEN T. KMIEC,**

Case No. _____

Debtors

## SCHEDULE F - CREDITORS HOLDING UNSECURED NONPRIORITY CLAIMS

(Continuation Sheet)

| CREDITOR'S NAME, MAILING ADDRESS INCLUDING ZIP CODE, AND ACCOUNT NUMBER (See instructions above.) | CODEBTOR | H W J C | DATE CLAIM WAS INCURRED AND CONSIDERATION FOR CLAIM. IF CLAIM IS SUBJECT TO SETOFF, SO STATE. | C O N T I N G E N T | U N L I Q U I D A T E D | D I S P U T E D | AMOUNT OF CLAIM |
|---|---|---|---|---|---|---|---|
| Account No. <br><br>**GE Capital Retail Bank** <br>**Attn: Bankruptcy Dept.** <br>**P.O. Box 103104** <br>**Roswell, GA 30076** | | | **Representing:** <br>**Gecrb / Home Design-Hi-P** | | | | **Notice Only** |
| Account No. **6035320075535755** <br><br>**Home Depot Credit Services** <br>**PO Box 182676** <br>**Columbus, OH 43218** | | J | **Opened 4/01/00 Last Active 12/11/11** <br>**Misc. credit card purchases for food, clothes, gas, household goods and/or various sundry items.** | | | | 3,700.73 |
| Account No. **169600-1000428884** <br><br>**HSBC / Best Buy** <br>**HSBC Retail Services** <br>**PO Box 15519** <br>**Wilmington, DE 19850** | | H | **Opened 8/19/93 Last Active 12/13/11** <br>**Claim for balance due on credit account for merchandise purchased or services rendered** | | | | 2,814.31 |
| Account No. **211204-0188748261** <br><br>**HSBC / Carson's** <br>**PO Box 15521** <br>**Wilmington, DE 19805** | | H | **Opened 10/13/96 Last Active 11/22/11** <br>**Claim for balance due on credit account for merchandise purchased or services rendered** | | | | 949.31 |
| Account No. **211204-0182290881** <br><br>**HSBC / Carson's** <br>**Po Box 15521** <br>**Wilmington, DE 19805** | | W | **Opened 9/27/95 Last Active 9/14/07** <br>**Charge Account** | | | | 0.00 |

Sheet no. __6__ of __10__ sheets attached to Schedule of
Creditors Holding Unsecured Nonpriority Claims

Subtotal
(Total of this page)

7,464.35

B6F (Official Form 6F) (12/07) - Cont.

In re  **TERRY A. KMIEC,**                                    Case No. _____
       **MAUREEN T. KMIEC,**

                                          _____,
                                                        Debtors

## SCHEDULE F - CREDITORS HOLDING UNSECURED NONPRIORITY CLAIMS
                              (Continuation Sheet)

| CREDITOR'S NAME, MAILING ADDRESS INCLUDING ZIP CODE, AND ACCOUNT NUMBER (See instructions above.) | CODEBTOR | Husband, Wife, Joint, or Community | | DATE CLAIM WAS INCURRED AND CONSIDERATION FOR CLAIM. IF CLAIM IS SUBJECT TO SETOFF, SO STATE. | CONTINGENT | UNLIQUIDATED | DISPUTED | AMOUNT OF CLAIM |
|---|---|---|---|---|---|---|---|---|
| | | H W J C | | | | | | |
| Account No. **236601000374562** <br><br> **Hsbc / Wickes** <br> **90 Christiana Rd.** <br> **New Castle, DE 19720** | | H | | **Opened  4/18/99  Last Active  9/01/99** <br> **Charge Account** | | | | **0.00** |
| Account No. **226601-0106162065** <br><br> **HSBC Bank Nevada, NA / Menards** <br> **90 Christiana Rd.** <br> **New Castle, DE 19720** | | J | | **Opened  1/16/06  Last Active 12/06/11** <br> **Claim for balance due on credit account for merchandise purchased or services rendered** | | | | **4,282.38** |
| Account No. **378 419 442 91** <br><br> **JCPenney** <br> **PO Box 960090** <br> **Orlando, FL 32896** | | J | | **Opened  6/13/89  Last Active 11/23/11** <br> **Claim for balance due on credit account for merchandise purchased or services rendered** | | | | **2,833.92** |
| Account No. **027-2467-853** <br><br> **Kohls / Capital One N.A.** <br> **N56 W 17000 Ridgewood Dr.** <br> **Menomonee Falls, WI 53051** | | H | | **Opened 12/15/97  Last Active 12/09/11** <br> **Claim for balance due on credit account for merchandise purchased or services rendered** | | | | **2,634.99** |
| Account No. <br><br> **Kohl's Payment Center** <br> **PO Box 2983** <br> **Milwaukee, WI 53201** | | | | **Representing:** <br> **Kohls / Capital One N.A.** | | | | **Notice Only** |

Sheet no. __**7**___ of __**10**__ sheets attached to Schedule of           Subtotal                     **9,751.29**
Creditors Holding Unsecured Nonpriority Claims                          (Total of this page)

B6F (Official Form 6F) (12/07) - Cont.

In re    **TERRY A. KMIEC,**
      **MAUREEN T. KMIEC**        Case No. _____

_____,
Debtors

# SCHEDULE F - CREDITORS HOLDING UNSECURED NONPRIORITY CLAIMS
(Continuation Sheet)

| CREDITOR'S NAME, MAILING ADDRESS INCLUDING ZIP CODE, AND ACCOUNT NUMBER (See instructions above.) | CODEBTOR | Husband, Wife, Joint, or Community H / W / J / C | DATE CLAIM WAS INCURRED AND CONSIDERATION FOR CLAIM. IF CLAIM IS SUBJECT TO SETOFF, SO STATE. | CONTINGENT | UNLIQUIDATED | DISPUTED | AMOUNT OF CLAIM |
|---|---|---|---|---|---|---|---|
| Account No. **6004-3001-0616-2065**<br><br>**Menards**<br>**c/o HSBC Retail Services**<br>**PO Box 17602**<br>**Baltimore, MD 21297** | | J | Opened 1/16/06 Last Active 12/06/11<br>Claim for balance due on credit account for merchandise purchased or services rendered | | | | 4,282.38 |
| Account No. **182290881**<br><br>**Nbg I- Carsons**<br>**140 W. Industrial Drive**<br>**Elmhurst, IL 60126** | | W | Opened 9/27/95 Last Active 3/01/03<br>Charge.Account | | | | 0.00 |
| Account No. **188748261**<br><br>**Nbgl - Carsons**<br>**140 W. Industrial Drive**<br>**Elmhurst, IL 60126** | | H | Opened 10/13/96 Last Active 3/01/03<br>Charge Account | | | | 0.00 |
| Account No. **XXXX-XXXX-XXXX-2242**<br><br>**Project Line**<br>**c/o GE Capital Retail Bank**<br>**PO Box 981439**<br>**El Paso, TX 79998** | | J | on or about 2009 - 2011<br>Claim for balance due on credit account for merchandise purchased or services rendered | | | | 7,433.33 |
| Account No. **366888115310**<br><br>**Rnb-Fields3**<br>**Po Box 9475**<br>**Minneapolis, MN 55440** | | H | Opened 11/09/95 Last Active 3/20/04<br>Charge Account | | | | 0.00 |

Sheet no. __8___ of __10__ sheets attached to Schedule of
Creditors Holding Unsecured Nonpriority Claims

Subtotal
(Total of this page)

11,715.71

B6F (Official Form 6F) (12/07) - Cont.

In re   **TERRY A. KMIEC,**
    **MAUREEN T. KMIEC**                                        Case No. _____

_____,
Debtors

## SCHEDULE F - CREDITORS HOLDING UNSECURED NONPRIORITY CLAIMS
(Continuation Sheet)

| CREDITOR'S NAME, MAILING ADDRESS INCLUDING ZIP CODE, AND ACCOUNT NUMBER (See instructions above.) | C O D E B T O R | H W J C | DATE CLAIM WAS INCURRED AND CONSIDERATION FOR CLAIM. IF CLAIM IS SUBJECT TO SETOFF, SO STATE. | C O N T I N G E N T | U N L I Q U I D A T E D | D I S P U T E D | AMOUNT OF CLAIM |
|---|---|---|---|---|---|---|---|
| Account No. 398506365010 <br><br> **Rnb-Fields3** <br> **Po Box 9475** <br> **Minneapolis, MN 55440** | | W | Opened 5/18/89 Last Active 7/29/04 <br> Charge Account | | | | 0.00 |
| Account No. 7714100571116235 <br><br> **Sam's Club Credit** <br> **PO Box 530942** <br> **Atlanta, GA 30353** | | J | Opened 3/22/96 Last Active 12/01/11 <br> Misc. credit card purchases for food, clothes, gas, household goods and/or various sundry items. | | | | 694.29 |
| Account No. 5049941010452594 <br><br> **Sears / Citibank NA** <br> **Po Box 6189** <br> **Sioux Falls, SD 57117** | | H | Opened 10/10/03 Last Active 5/01/06 <br> Charge Account | | | | 0.00 |
| Account No. 5049948002823518 <br><br> **Sears / Citibank NA** <br> **Po Box 6189** <br> **Sioux Falls, SD 57117** | | H | Opened 6/01/85 Last Active 9/17/06 <br> Charge Account | | | | 0.00 |
| Account No. 4352373385645004 <br><br> **Target** <br> **Target National Bank** <br> **P.O. Box 59317** <br> **Minneapolis, MN 55459** | | H | Opened 5/19/00 Last Active 3/09/04 <br> Credit account | | | | 0.00 |

Sheet no. __9__ of __10__ sheets attached to Schedule of
Creditors Holding Unsecured Nonpriority Claims

Subtotal
(Total of this page)

694.29

B6F (Official Form 6F) (12/07) - Cont.

In re    **TERRY A. KMIEC,**
         **MAUREEN T. KMIEC,**

Case No. _____

_____ ,
                        Debtors

## SCHEDULE F - CREDITORS HOLDING UNSECURED NONPRIORITY CLAIMS
(Continuation Sheet)

| CREDITOR'S NAME, MAILING ADDRESS INCLUDING ZIP CODE, AND ACCOUNT NUMBER (See instructions above.) | C O D E B T O R | H W J C | DATE CLAIM WAS INCURRED AND CONSIDERATION FOR CLAIM.  IF CLAIM IS SUBJECT TO SETOFF, SO STATE. | C O N T I N G E N T | U N L I Q U I D A T E D | D I S P U T E D | AMOUNT OF CLAIM |
|---|---|---|---|---|---|---|---|
| Account No. **504815813689** <br><br> **Transamerica Bank** <br> **11227 Lakeview Ave** <br> **Lenexa, KS 66219** | | H | **Opened 11/20/99  Last Active  6/01/00** <br> **Charge Account** | | | | 0.00 |
| Account No. **5157350015079436** <br><br> **Unvl / Citi** <br> **PO Box 6241** <br> **Sioux Falls, SD 57117** | | H | **Opened  6/16/98  Last Active 11/28/11** <br> **Misc. credit card purchases for food, clothes, gas, household goods and/or various sundry items.** | | | | 20,717.00 |
| Account No. | | | | | | | |
| Account No. | | | | | | | |
| Account No. | | | | | | | |

Sheet no. __**10**__ of __**10**__ sheets attached to Schedule of
Creditors Holding Unsecured Nonpriority Claims

| | | |
|---|---|---|
| Subtotal (Total of this page) | | 20,717.00 |
| Total (Report on Summary of Schedules) | | 127,126.28 |

B6G (Official Form 6G) (12/07)

.

In re    **TERRY A. KMIEC,**                          Case No. _____
       **MAUREEN T. KMIEC**

Debtors ,

# SCHEDULE G - EXECUTORY CONTRACTS AND UNEXPIRED LEASES

    Describe all executory contracts of any nature and all unexpired leases of real or personal property.  Include any timeshare interests.  State nature of debtor's interest in contract, i.e., "Purchaser", "Agent", etc.  State whether debtor is the lessor or lessee of a lease.  Provide the names and complete mailing addresses of all other parties to each lease or contract described.  If a minor child is a party to one of the leases or contracts, state the child's initials and the name and address of the child's parent or guardian, such as "A.B., a minor child, by John Doe, guardian." Do not disclose the child's name. See, 11 U.S.C. §112 and Fed. R. Bankr. P. 1007(m).

■ Check this box if debtor has no executory contracts or unexpired leases.

| Name and Mailing Address, Including Zip Code, of Other Parties to Lease or Contract | Description of Contract or Lease and Nature of Debtor's Interest. State whether lease is for nonresidential real property. State contract number of any government contract. |
|---|---|
| | |

**0**
_____ continuation sheets attached to Schedule of Executory Contracts and Unexpired Leases

Software Copyright (c) 1996-2012 - CCH INCORPORATED - www.bestcase.com
Best Case Bankruptcy

B6H (Official Form 6H) (12/07)

In re    **TERRY A. KMIEC,**
      **MAUREEN T. KMIEC**                          Case No. _____

                                  Debtors

# SCHEDULE H - CODEBTORS

    Provide the information requested concerning any person or entity, other than a spouse in a joint case, that is also liable on any debts listed by debtor in the schedules of creditors. Include all guarantors and co-signers. If the debtor resides or resided in a community property state, commonwealth, or territory (including Alaska, Arizona, California, Idaho, Louisiana, Nevada, New Mexico, Puerto Rico, Texas, Washington, or Wisconsin) within the eight year period immediately preceding the commencement of the case, identify the name of the debtor's spouse and of any former spouse who resides or resided with the debtor in the community property state, commonwealth, or territory. Include all names used by the nondebtor spouse during the eight years immediately preceding the commencement of this case. If a minor child is a codebtor or a creditor, state the child's initials and the name and address of the child's parent or guardian, such as "A.B., a minor child, by John Doe, guardian." Do not disclose the child's name. See, 11 U.S.C. §112 and Fed. R. Bankr. P. 1007(m).

■   Check this box if debtor has no codebtors.

| NAME AND ADDRESS OF CODEBTOR | NAME AND ADDRESS OF CREDITOR |
|---|---|
| | |

**0**

_____ continuation sheets attached to Schedule of Codebtors

Software Copyright (c) 1996-2012 - CCH INCORPORATED - www.bestcase.com                         Best Case Bankruptcy

B6I (Official Form 6I) (12/07)

In re  **TERRY A. KMIEC**
      **MAUREEN T. KMIEC**
              Debtor(s)                    Case No. _____

# SCHEDULE I - CURRENT INCOME OF INDIVIDUAL DEBTOR(S)

The column labeled "Spouse" must be completed in all cases filed by joint debtors and by every married debtor, whether or not a joint petition is filed, unless the spouses are separated and a joint petition is not filed. Do not state the name of any minor child. The average monthly income calculated on this form may differ from the current monthly income calculated on Form 22A, 22B, or 22C.

| Debtor's Marital Status: | DEPENDENTS OF DEBTOR AND SPOUSE | |
|---|---|---|
| **Married** | RELATIONSHIP(S):<br>**Son**<br>**Son**<br>**Daughter** | AGE(S):<br>**12 years**<br>**13 years**<br>**8 years** |

| Employment: | DEBTOR | SPOUSE |
|---|---|---|
| Occupation | | **patient access representative** |
| Name of Employer | **none at present** | **Edward Hospital** |
| How long employed | | **5 1/2 years** |
| Address of Employer | | **801 S. Washington Street**<br>**Naperville, IL 60540** |

| INCOME: (Estimate of average or projected monthly income at time case filed) | | DEBTOR | | SPOUSE |
|---|---|---|---|---|
| 1. Monthly gross wages, salary, and commissions (Prorate if not paid monthly) | $ | 0.00 | $ | 3,274.20 |
| 2. Estimate monthly overtime | $ | 0.00 | $ | 0.00 |
| 3. SUBTOTAL | $ | 0.00 | $ | 3,274.20 |
| 4. LESS PAYROLL DEDUCTIONS | | | | |
|     a. Payroll taxes and social security | $ | 0.00 | $ | 645.01 |
|     b. Insurance | $ | 0.00 | $ | 71.52 |
|     c. Union dues | $ | 0.00 | $ | 0.00 |
|     d. Other (Specify): | $ | 0.00 | $ | 0.00 |
| | $ | 0.00 | $ | 0.00 |
| 5. SUBTOTAL OF PAYROLL DEDUCTIONS | $ | 0.00 | $ | 716.53 |
| 6. TOTAL NET MONTHLY TAKE HOME PAY | $ | 0.00 | $ | 2,557.67 |
| 7. Regular income from operation of business or profession or farm (Attach detailed statement) | $ | 0.00 | $ | 0.00 |
| 8. Income from real property | $ | 0.00 | $ | 0.00 |
| 9. Interest and dividends | $ | 0.00 | $ | 0.00 |
| 10. Alimony, maintenance or support payments payable to the debtor for the debtor's use or that of dependents listed above | $ | 0.00 | $ | 0.00 |
| 11. Social security or government assistance | | | | |
| (Specify):   **Unemployment compensation** | $ | 1,031.33 | $ | 0.00 |
| | $ | 0.00 | $ | 0.00 |
| 12. Pension or retirement income | $ | 0.00 | $ | 0.00 |
| 13. Other monthly income | | | | |
| (Specify): | $ | 0.00 | $ | 0.00 |
| | $ | 0.00 | $ | 0.00 |
| 14. SUBTOTAL OF LINES 7 THROUGH 13 | $ | 1,031.33 | $ | 0.00 |
| 15. AVERAGE MONTHLY INCOME (Add amounts shown on lines 6 and 14) | $ | 1,031.33 | $ | 2,557.67 |
| 16. COMBINED AVERAGE MONTHLY INCOME: (Combine column totals from line 15) | | $ | 3,589.00 | |

(Report also on Summary of Schedules and, if applicable, on
Statistical Summary of Certain Liabilities and Related Data)

17. Describe any increase or decrease in income reasonably anticipated to occur within the year following the filing of this document:

B6J (Official Form 6J) (12/07)

In re **TERRY A. KMIEC**
**MAUREEN T. KMIEC**
_____
Debtor(s)

Case No. _____

# SCHEDULE J - CURRENT EXPENDITURES OF INDIVIDUAL DEBTOR(S)

Complete this schedule by estimating the average or projected monthly expenses of the debtor and the debtor's family at time case filed.  Prorate any payments made bi-weekly, quarterly, semi-annually, or annually to show monthly rate.  The average monthly expenses calculated on this form may differ from the deductions from income allowed on Form 22A or 22C.

☐  Check this box if a joint petition is filed and debtor's spouse maintains a separate household.  Complete a separate schedule of expenditures labeled "Spouse."

| | | |
|---|---|---:|
| 1. Rent or home mortgage payment (include lot rented for mobile home) | $ | 1,644.61 |
| a. Are real estate taxes included? Yes **X** No ___ | | |
| b. Is property insurance included? Yes **X** No ___ | | |
| 2. Utilities: a. Electricity and heating fuel | $ | 200.00 |
| b. Water and sewer | $ | 75.00 |
| c. Telephone | $ | 150.00 |
| d. Other **Telephone & internet service** | $ | 47.00 |
| 3. Home maintenance (repairs and upkeep) | $ | 0.00 |
| 4. Food | $ | 750.00 |
| 5. Clothing | $ | 200.00 |
| 6. Laundry and dry cleaning | $ | 0.00 |
| 7. Medical and dental expenses | $ | 25.00 |
| 8. Transportation (not including car payments) | $ | 180.82 |
| 9. Recreation, clubs and entertainment, newspapers, magazines, etc. | $ | 0.00 |
| 10. Charitable contributions | $ | 0.00 |
| 11. Insurance (not deducted from wages or included in home mortgage payments) | | |
| a. Homeowner's or renter's | $ | 0.00 |
| b. Life | $ | 49.30 |
| c. Health | $ | 0.00 |
| d. Auto | $ | 92.00 |
| e. Other | $ | 0.00 |
| 12. Taxes (not deducted from wages or included in home mortgage payments) | | |
| (Specify) | $ | 0.00 |
| 13. Installment payments: (In chapter 11, 12, and 13 cases, do not list payments to be included in the plan) | | |
| a. Auto | $ | 0.00 |
| b. Other | $ | 0.00 |
| c. Other | $ | 0.00 |
| 14. Alimony, maintenance, and support paid to others | $ | 0.00 |
| 15. Payments for support of additional dependents not living at your home | $ | 0.00 |
| 16. Regular expenses from operation of business, profession, or farm (attach detailed statement) | $ | 0.00 |
| 17. Other **See Detailed Expense Attachment** | $ | 290.50 |
| 18. AVERAGE MONTHLY EXPENSES (Total lines 1-17. Report also on Summary of Schedules and, if applicable, on the Statistical Summary of Certain Liabilities and Related Data.) | $ | 3,704.23 |

19. Describe any increase or decrease in expenditures reasonably anticipated to occur within the year following the filing of this document:

| | | |
|---|---|---:|
| 20. STATEMENT OF MONTHLY NET INCOME | | |
| a.  Average monthly income from Line 15 of Schedule I | $ | 3,589.00 |
| b.  Average monthly expenses from Line 18 above | $ | 3,704.23 |
| c.  Monthly net income (a. minus b.) | $ | -115.23 |

B6J (Official Form 6J) (12/07)

In re   **TERRY A. KMIEC**
      **MAUREEN T. KMIEC**                   Case No. _____
                            Debtor(s)

# SCHEDULE J - CURRENT EXPENDITURES OF INDIVIDUAL DEBTOR(S)
## Detailed Expense Attachment

**Other Expenditures:**

| | | |
|---|---|---:|
| Personal grooming | $ | 60.00 |
| Prescription medication | $ | 40.50 |
| Misc. school expenses: books, supplies, lunches, activities | $ | 100.00 |
| Union dues | $ | 40.00 |
| Misc. sundry items | $ | 50.00 |
| **Total Other Expenditures** | $ | **290.50** |

B6 Declaration (Official Form 6 - Declaration). (12/07)

# United States Bankruptcy Court
## Northern District of Illinois

In re  **TERRY A. KMIEC**
**MAUREEN T. KMIEC**

Case No.

Debtor(s)          Chapter      **7**

# DECLARATION CONCERNING DEBTOR'S SCHEDULES

### DECLARATION UNDER PENALTY OF PERJURY BY INDIVIDUAL DEBTOR

        I declare under penalty of perjury that I have read the foregoing summary and schedules, consisting of
**29**   sheets, and that they are true and correct to the best of my knowledge, information, and belief.

Date  **March 18, 2012**          Signature   **/s/ TERRY A. KMIEC**
                                               **TERRY A. KMIEC**
                                               Debtor

Date  **March 18, 2012**          Signature   **/s/ MAUREEN T. KMIEC**
                                               **MAUREEN T. KMIEC**
                                               Joint Debtor

*Penalty for making a false statement or concealing property:*  Fine of up to $500,000 or imprisonment for up to 5 years or both.
18 U.S.C. §§  152 and 3571.

Software Copyright (c) 1996-2012 CCH INCORPORATED - www.bestcase.com                    Best Case Bankruptcy

B7 (Official Form 7) (04/10)

# United States Bankruptcy Court
## Northern District of Illinois

In re  **TERRY A. KMIEC**
**MAUREEN T. KMIEC**

Debtor(s)

Case No.

Chapter  **7**

# STATEMENT OF FINANCIAL AFFAIRS

This statement is to be completed by every debtor. Spouses filing a joint petition may file a single statement on which the information for both spouses is combined. If the case is filed under chapter 12 or chapter 13, a married debtor must furnish information for both spouses whether or not a joint petition is filed, unless the spouses are separated and a joint petition is not filed. An individual debtor engaged in business as a sole proprietor, partner, family farmer, or self-employed professional, should provide the information requested on this statement concerning all such activities as well as the individual's personal affairs. To indicate payments, transfers and the like to minor children, state the child's initials and the name and address of the child's parent or guardian, such as "A.B., a minor child, by John Doe, guardian." Do not disclose the child's name. See, 11 U.S.C. § 112; Fed. R. Bankr. P. 1007(m).

Questions 1 - 18 are to be completed by all debtors. Debtors that are or have been in business, as defined below, also must complete Questions 19 - 25. **If the answer to an applicable question is "None," mark the box labeled "None."** If additional space is needed for the answer to any question, use and attach a separate sheet properly identified with the case name, case number (if known), and the number of the question.

*DEFINITIONS*

*"In business."* A debtor is "in business" for the purpose of this form if the debtor is a corporation or partnership. An individual debtor is "in business" for the purpose of this form if the debtor is or has been, within six years immediately preceding the filing of this bankruptcy case, any of the following: an officer, director, managing executive, or owner of 5 percent or more of the voting or equity securities of a corporation; a partner, other than a limited partner, of a partnership; a sole proprietor or self-employed full-time or part-time. An individual debtor also may be "in business" for the purpose of this form if the debtor engages in a trade, business, or other activity, other than as an employee, to supplement income from the debtor's primary employment.

*"Insider."* The term "insider" includes but is not limited to: relatives of the debtor; general partners of the debtor and their relatives; corporations of which the debtor is an officer, director, or person in control; officers, directors, and any owner of 5 percent or more of the voting or equity securities of a corporate debtor and their relatives; affiliates of the debtor and insiders of such affiliates; any managing agent of the debtor. 11 U.S.C. § 101.

---

**1. Income from employment or operation of business**

None
☐

State the gross amount of income the debtor has received from employment, trade, or profession, or from operation of the debtor's business, including part-time activities either as an employee or in independent trade or business, from the beginning of this calendar year to the date this case was commenced. State also the gross amounts received during the **two years** immediately preceding this calendar year. (A debtor that maintains, or has maintained, financial records on the basis of a fiscal rather than a calendar year may report fiscal year income. Identify the beginning and ending dates of the debtor's fiscal year.) If a joint petition is filed, state income for each spouse separately. (Married debtors filing under chapter 12 or chapter 13 must state income of both spouses whether or not a joint petition is filed, unless the spouses are separated and a joint petition is not filed.)

| AMOUNT | SOURCE |
|---|---|
| **$33,643.00** | **2010: Both Employment Income** |
| **$26.00** | **2010: Husband Self-Employment Income** |
| **$64,025.00** | **2011: Both Employment Income** |
| **$274.00** | **2011: Husband Self-Employment Income** |
| **$7,818.65** | **2012 YTD: Wife Employment Income** |

2

**2. Income other than from employment or operation of business**

None ☐

State the amount of income received by the debtor other than from employment, trade, profession, or operation of the debtor's business during the **two years** immediately preceding the commencement of this case. Give particulars. If a joint petition is filed, state income for each spouse separately. (Married debtors filing under chapter 12 or chapter 13 must state income for each spouse whether or not a joint petition is filed, unless the spouses are separated and a joint petition is not filed.)

| AMOUNT | SOURCE |
|---|---|
| **$34.00** | **2010: Both Interest / Dividends** |
| **$27.00** | **2010: Both pensions and annuities** |
| **$50.00** | **2011: Both Interest / Dividends** |
| **$960.00** | **2011: Both pensions and annuities** |
| **$14,647.00** | **2011: Husband Unemployment** |
| **$2,856.00** | **2012 YTD: Husband Unemployment** |

**3. Payments to creditors**

None ☐

*Complete a. or b., as appropriate, and c.*

a.    *Individual or joint debtor(s) with primarily consumer debts.*  List all payments on loans, installment purchases of goods or services, and other debts to any creditor made within **90 days** immediately preceding the commencement of this case unless the aggregate value of all property that constitutes or is affected by such transfer is less than $600. Indicate with an (*) any payments that were made to a creditor on account of a domestic support obligation or as part of an alternative repayment schedule under a plan by an approved nonprofit budgeting and credit counseling agency. (Married debtors filing under chapter 12 or chapter 13 must include payments by either or both spouses whether or not a joint petition is filed, unless the spouses are separated and a joint petition is not filed.)

| NAME AND ADDRESS OF CREDITOR | DATES OF PAYMENTS | AMOUNT PAID | AMOUNT STILL OWING |
|---|---|---|---|
| **Metlife Home Loan**<br>**4000 Horizon Way**<br>**Irving, TX 75063** | **January, February & March, 2012**<br>**(regular monthly payments due on first mortgage for residence)** | **$4,935.00** | **$182,816.00** |

None ■

b.    *Debtor whose debts are not primarily consumer debts:* List each payment or other transfer to any creditor made within **90 days** immediately preceding the commencement of the case unless the aggregate value of all property that constitutes or is affected by such transfer is less than $5,850*.  If the debtor is an individual, indicate with an asterisk (*) any payments that were made to a creditor on account of a domestic support obligation or as part of an alternative repayment schedule under a plan by an approved nonprofit budgeting and credit counseling agency.  (Married debtors filing under chapter 12 or chapter 13 must include payments and other transfers by either or both spouses whether or not a joint petition is filed, unless the spouses are separated and a joint petition is not filed.)

| NAME AND ADDRESS OF CREDITOR | DATES OF PAYMENTS/ TRANSFERS | AMOUNT PAID OR VALUE OF TRANSFERS | AMOUNT STILL OWING |
|---|---|---|---|

None ■

c.    *All debtors:* List all payments made within **one year** immediately preceding the commencement of this case to or for the benefit of creditors who are or were insiders. (Married debtors filing under chapter 12 or chapter 13 must include payments by either or both spouses whether or not a joint petition is filed, unless the spouses are separated and a joint petition is not filed.)

| NAME AND ADDRESS OF CREDITOR AND RELATIONSHIP TO DEBTOR | DATE OF PAYMENT | AMOUNT PAID | AMOUNT STILL OWING |
|---|---|---|---|

* Amount subject to adjustment on 4/01/13, and every three years thereafter with respect to cases commenced on or after the date of adjustment.

3

**4.  Suits and administrative proceedings, executions, garnishments and attachments**

None
■

a. List all suits and administrative proceedings to which the debtor is or was a party within **one year** immediately preceding the filing of this bankruptcy case. (Married debtors filing under chapter 12 or chapter 13 must include information concerning either or both spouses whether or not a joint petition is filed, unless the spouses are separated and a joint petition is not filed.)

| CAPTION OF SUIT<br>AND CASE NUMBER | NATURE OF<br>PROCEEDING | COURT OR AGENCY<br>AND LOCATION | STATUS OR<br>DISPOSITION |
|---|---|---|---|

None
■

b. Describe all property that has been attached, garnished or seized under any legal or equitable process within **one year** immediately preceding the commencement of this case. (Married debtors filing under chapter 12 or chapter 13 must include information concerning property of either or both spouses whether or not a joint petition is filed, unless the spouses are separated and a joint petition is not filed.)

| NAME AND ADDRESS OF PERSON FOR WHOSE<br>BENEFIT PROPERTY WAS SEIZED | DATE OF SEIZURE | DESCRIPTION AND VALUE OF<br>PROPERTY |
|---|---|---|

**5.  Repossessions, foreclosures and returns**

None
■

List all property that has been repossessed by a creditor, sold at a foreclosure sale, transferred through a deed in lieu of foreclosure or returned to the seller, within **one year** immediately preceding the commencement of this case. (Married debtors filing under chapter 12 or chapter 13 must include information concerning property of either or both spouses whether or not a joint petition is filed, unless the spouses are separated and a joint petition is not filed.)

| NAME AND ADDRESS OF<br>CREDITOR OR SELLER | DATE OF REPOSSESSION,<br>FORECLOSURE SALE,<br>TRANSFER OR RETURN | DESCRIPTION AND VALUE OF<br>PROPERTY |
|---|---|---|

**6.  Assignments and receiverships**

None
■

a. Describe any assignment of property for the benefit of creditors made within **120 days** immediately preceding the commencement of this case. (Married debtors filing under chapter 12 or chapter 13 must include any assignment by either or both spouses whether or not a joint petition is filed, unless the spouses are separated and a joint petition is not filed.)

| NAME AND ADDRESS OF ASSIGNEE | DATE OF<br>ASSIGNMENT | TERMS OF ASSIGNMENT OR SETTLEMENT |
|---|---|---|

None
■

b. List all property which has been in the hands of a custodian, receiver, or court-appointed official within **one year** immediately preceding the commencement of this case. (Married debtors filing under chapter 12 or chapter 13 must include information concerning property of either or both spouses whether or not a joint petition is filed, unless the spouses are separated and a joint petition is not filed.)

| NAME AND ADDRESS<br>OF CUSTODIAN | NAME AND LOCATION<br>OF COURT<br>CASE TITLE & NUMBER | DATE OF<br>ORDER | DESCRIPTION AND VALUE OF<br>PROPERTY |
|---|---|---|---|

**7.  Gifts**

None
■

List all gifts or charitable contributions made within **one year** immediately preceding the commencement of this case except ordinary and usual gifts to family members aggregating less than $200 in value per individual family member and charitable contributions aggregating less than $100 per recipient. (Married debtors filing under chapter 12 or chapter 13 must include gifts or contributions by either or both spouses whether or not a joint petition is filed, unless the spouses are separated and a joint petition is not filed.)

| NAME AND ADDRESS OF<br>PERSON OR ORGANIZATION | RELATIONSHIP TO<br>DEBTOR, IF ANY | DATE OF GIFT | DESCRIPTION AND<br>VALUE OF GIFT |
|---|---|---|---|

**8.  Losses**

None ■

List all losses from fire, theft, other casualty or gambling within **one year** immediately preceding the commencement of this case **or since the commencement of this case.** (Married debtors filing under chapter 12 or chapter 13 must include losses by either or both spouses whether or not a joint petition is filed, unless the spouses are separated and a joint petition is not filed.)

| DESCRIPTION AND VALUE OF PROPERTY | DESCRIPTION OF CIRCUMSTANCES AND, IF LOSS WAS COVERED IN WHOLE OR IN PART BY INSURANCE, GIVE PARTICULARS | DATE OF LOSS |
|---|---|---|

**9.  Payments related to debt counseling or bankruptcy**

None ☐

List all payments made or property transferred by or on behalf of the debtor to any persons, including attorneys, for consultation concerning debt consolidation, relief under the bankruptcy law or preparation of the petition in bankruptcy within **one year** immediately preceding the commencement of this case.

| NAME AND ADDRESS OF PAYEE | DATE OF PAYMENT, NAME OF PAYOR IF OTHER THAN DEBTOR | AMOUNT OF MONEY OR DESCRIPTION AND VALUE OF PROPERTY |
|---|---|---|
| **Law Offices of Gregory D. Bruno 1807 N. Broadway Melrose Park, IL 60160** | **December 20, 2012 & March 16, 2012** | **$2,000.00 has been paid to date for attorney's fees and filing costs for legal representation in Chapter 7 bankruptcy.** |

**10.  Other transfers**

None ■

a.  List all other property, other than property transferred in the ordinary course of the business or financial affairs of the debtor, transferred either absolutely or as security within **two years** immediately preceding the commencement of this case. (Married debtors filing under chapter 12 or chapter 13 must include transfers by either or both spouses whether or not a joint petition is filed, unless the spouses are separated and a joint petition is not filed.)

| NAME AND ADDRESS OF TRANSFEREE, RELATIONSHIP TO DEBTOR | DATE | DESCRIBE PROPERTY TRANSFERRED AND VALUE RECEIVED |
|---|---|---|

None ■

b.  List all property transferred by the debtor within **ten years** immediately preceding the commencement of this case to a self-settled trust or similar device of which the debtor is a beneficiary.

| NAME OF TRUST OR OTHER DEVICE | DATE(S) OF TRANSFER(S) | AMOUNT OF MONEY OR DESCRIPTION AND VALUE OF PROPERTY OR DEBTOR'S INTEREST IN PROPERTY |
|---|---|---|

**11.  Closed financial accounts**

None ■

List all financial accounts and instruments held in the name of the debtor or for the benefit of the debtor which were closed, sold, or otherwise transferred within **one year** immediately preceding the commencement of this case. Include checking, savings, or other financial accounts, certificates of deposit, or other instruments; shares and share accounts held in banks, credit unions, pension funds, cooperatives, associations, brokerage houses and other financial institutions. (Married debtors filing under chapter 12 or chapter 13 must include information concerning accounts or instruments held by or for either or both spouses whether or not a joint petition is filed, unless the spouses are separated and a joint petition is not filed.)

| NAME AND ADDRESS OF INSTITUTION | TYPE OF ACCOUNT, LAST FOUR DIGITS OF ACCOUNT NUMBER, AND AMOUNT OF FINAL BALANCE | AMOUNT AND DATE OF SALE OR CLOSING |
|---|---|---|

**12. Safe deposit boxes**

None
■

List each safe deposit or other box or depository in which the debtor has or had securities, cash, or other valuables within **one year** immediately preceding the commencement of this case. (Married debtors filing under chapter 12 or chapter 13 must include boxes or depositories of either or both spouses whether or not a joint petition is filed, unless the spouses are separated and a joint petition is not filed.)

| NAME AND ADDRESS OF BANK OR OTHER DEPOSITORY | NAMES AND ADDRESSES OF THOSE WITH ACCESS TO BOX OR DEPOSITORY | DESCRIPTION OF CONTENTS | DATE OF TRANSFER OR SURRENDER, IF ANY |
|---|---|---|---|

**13. Setoffs**

None
■

List all setoffs made by any creditor, including a bank, against a debt or deposit of the debtor within **90 days** preceding the commencement of this case. (Married debtors filing under chapter 12 or chapter 13 must include information concerning either or both spouses whether or not a joint petition is filed, unless the spouses are separated and a joint petition is not filed.)

| NAME AND ADDRESS OF CREDITOR | DATE OF SETOFF | AMOUNT OF SETOFF |
|---|---|---|

**14.  Property held for another person**

None
■

List all property owned by another person that the debtor holds or controls.

| NAME AND ADDRESS OF OWNER | DESCRIPTION AND VALUE OF PROPERTY | LOCATION OF PROPERTY |
|---|---|---|

**15.  Prior address of debtor**

None
■

If the debtor has moved within **three years** immediately preceding the commencement of this case, list all premises which the debtor occupied during that period and vacated prior to the commencement of this case. If a joint petition is filed, report also any separate address of either spouse.

| ADDRESS | NAME USED | DATES OF OCCUPANCY |
|---|---|---|

**16. Spouses and Former Spouses**

None
■

If the debtor resides or resided in a community property state, commonwealth, or territory (including Alaska, Arizona, California, Idaho, Louisiana, Nevada, New Mexico, Puerto Rico, Texas, Washington, or Wisconsin) within **eight years** immediately preceding the commencement of the case, identify the name of the debtor's spouse and of any former spouse who resides or resided with the debtor in the community property state.

NAME

**17. Environmental Information.**

For the purpose of this question, the following definitions apply:

"Environmental Law" means any federal, state, or local statute or regulation regulating pollution, contamination, releases of hazardous or toxic substances, wastes or material into the air, land, soil, surface water, groundwater, or other medium, including, but not limited to, statutes or regulations regulating the cleanup of these substances, wastes, or material.

"Site" means any location, facility, or property as defined under any Environmental Law, whether or not presently or formerly owned or operated by the debtor, including, but not limited to, disposal sites.

"Hazardous Material" means anything defined as a hazardous waste, hazardous substance, toxic substance, hazardous material, pollutant, or contaminant or similar term under an Environmental Law

None
■

a. List the name and address of every site for which the debtor has received notice in writing by a governmental unit that it may be liable or potentially liable under or in violation of an Environmental Law. Indicate the governmental unit, the date of the notice, and, if known, the Environmental Law:

| SITE NAME AND ADDRESS | NAME AND ADDRESS OF GOVERNMENTAL UNIT | DATE OF NOTICE | ENVIRONMENTAL LAW |
|---|---|---|---|

6

None ■   b. List the name and address of every site for which the debtor provided notice to a governmental unit of a release of Hazardous
Material. Indicate the governmental unit to which the notice was sent and the date of the notice.

| SITE NAME AND ADDRESS | NAME AND ADDRESS OF GOVERNMENTAL UNIT | DATE OF NOTICE | ENVIRONMENTAL LAW |
|---|---|---|---|

None ■   c. List all judicial or administrative proceedings, including settlements or orders, under any Environmental Law with respect to which
the debtor is or was a party. Indicate the name and address of the governmental unit that is or was a party to the proceeding, and the
docket number.

| NAME AND ADDRESS OF GOVERNMENTAL UNIT | DOCKET NUMBER | STATUS OR DISPOSITION |
|---|---|---|

### 18 . Nature, location and name of business

None ■   a. *If the debtor is an individual*, list the names, addresses, taxpayer identification numbers, nature of the businesses, and beginning
and ending dates of all businesses in which the debtor was an officer, director, partner, or managing executive of a corporation,
partner in a partnership, sole proprietor, or was self-employed in a trade, profession, or other activity either full- or part-time within
**six years** immediately preceding the commencement of this case, or in which the debtor owned 5 percent or more of the voting or
equity securities within **six years** immediately preceding the commencement of this case.

*If the debtor is a partnership*, list the names, addresses, taxpayer identification numbers, nature of the businesses, and beginning and
ending dates of all businesses in which the debtor was a partner or owned 5 percent or more of the voting or equity securities, within
**six years** immediately preceding the commencement of this case.

*If the debtor is a corporation*, list the names, addresses, taxpayer identification numbers, nature of the businesses, and beginning
and ending dates of all businesses in which the debtor was a partner or owned 5 percent or more of the voting or equity securities within
**six years** immediately preceding the commencement of this case.

| NAME | LAST FOUR DIGITS OF SOCIAL-SECURITY OR OTHER INDIVIDUAL TAXPAYER-I.D. NO. (ITIN)/ COMPLETE EIN | ADDRESS | NATURE OF BUSINESS | BEGINNING AND ENDING DATES |
|---|---|---|---|---|

None ■   b. Identify any business listed in response to subdivision a., above, that is "single asset real estate" as defined in 11 U.S.C. § 101.

| NAME | ADDRESS |
|---|---|

### DECLARATION UNDER PENALTY OF PERJURY BY INDIVIDUAL DEBTOR

I declare under penalty of perjury that I have read the answers contained in the foregoing statement of financial affairs and any attachments thereto
and that they are true and correct.

Date __March 18, 2012__                           Signature   **/s/ TERRY A. KMIEC**
                                                              **TERRY A. KMIEC**
                                                              Debtor

Date __March 18, 2012__                           Signature   **/s/ MAUREEN T. KMIEC**
                                                              **MAUREEN T. KMIEC**
                                                              Joint Debtor

*Penalty for making a false statement: Fine of up to $500,000 or imprisonment for up to 5 years, or both. 18 U.S.C. §§ 152 and 3571*

B8 (Form 8) (12/08)

# United States Bankruptcy Court
### Northern District of Illinois

In re   **TERRY A. KMIEC**
       **MAUREEN T. KMIEC**

                Debtor(s)

Case No. _____

Chapter   **7** _____

## CHAPTER 7 INDIVIDUAL DEBTOR'S STATEMENT OF INTENTION

**PART A -** Debts secured by property of the estate. (Part A must be fully completed for **EACH** debt which is secured by property of the estate.  Attach additional pages if necessary.)

| Property No. 1 | |
|---|---|
| **Creditor's Name:**<br>**Metlife Home Loan** | **Describe Property Securing Debt:**<br>**Single-family, three bedroom brick home located at 173 Steamboat Lane, Bolingbrook IL 60490** |

Property will be (check one):
  ☐ Surrendered              ■ Retained

If retaining the property, I intend to (check at least one):
  ☐ Redeem the property
  ☐ Reaffirm the debt
  ■ Other.  Explain  **Debtor will retain collateral and continue to make regular payments.**   (for example, avoid lien using 11 U.S.C. § 522(f)).

Property is (check one):
  ☐ Claimed as Exempt            ■ Not claimed as exempt

**PART B** - Personal property subject to unexpired leases. (All three columns of Part B must be completed for each unexpired lease. Attach additional pages if necessary.)

| Property No. 1 | | |
|---|---|---|
| **Lessor's Name:**<br>**-NONE-** | **Describe Leased Property:** | Lease will be Assumed pursuant to 11 U.S.C. § 365(p)(2):<br>☐ YES       ☐ NO |

**I declare under penalty of perjury that the above indicates my intention as to any property of my estate securing a debt and/or personal property subject to an unexpired lease.**

Date  **March 18, 2012** _____    Signature  **/s/ TERRY A. KMIEC** _____
                                      **TERRY A. KMIEC**
                                      Debtor

Date  **March 18, 2012** _____    Signature  **/s/ MAUREEN T. KMIEC** _____
                                        **MAUREEN T. KMIEC**
                                      Joint Debtor

# United States Bankruptcy Court
### Northern District of Illinois

In re  **TERRY A. KMIEC**
**MAUREEN T. KMIEC**

Case No. _____

Chapter  **7**

Debtor(s)

## DISCLOSURE OF COMPENSATION OF ATTORNEY FOR DEBTOR(S)

1.  Pursuant to 11 U.S.C. § 329(a) and Bankruptcy Rule 2016(b), I certify that I am the attorney for the above-named debtor and that compensation paid to me within one year before the filing of the petition in bankruptcy, or agreed to be paid to me, for services rendered or to be rendered on behalf of the debtor(s) in contemplation of or in connection with the bankruptcy case is as follows:

| | |
|---|---|
| For legal services, I have agreed to accept | $            1,694.00 |
| Prior to the filing of this statement I have received | $            1,694.00 |
| Balance Due | $                 0.00 |

2.  $  **306.00**  of the filing fee has been paid.

3.  The source of the compensation paid to me was:

☑ Debtor         ☐ Other (specify):

4.  The source of compensation to be paid to me is:

☑ Debtor         ☐ Other (specify):

5.  ☑ I have not agreed to share the above-disclosed compensation with any other person unless they are members and associates of my law firm.

☐ I have agreed to share the above-disclosed compensation with a person or persons who are not members or associates of my law firm.  A copy of the agreement, together with a list of the names of the people sharing in the compensation, is attached.

6.  In return for the above-disclosed fee, I have agreed to render legal service for all aspects of the bankruptcy case, including:

a.  [Other provisions as needed]
**Negotiations with secured creditors to reduce to market value; exemption planning; preparation and filing of reaffirmation agreements and applications as needed; preparation and filing of motions pursuant to 11 USC 522(f)(2)(A) for avoidance of liens on household goods.**

7.  By agreement with the debtor(s), the above-disclosed fee does not include the following service:
**Representation of the debtors in any dischargeability actions, judicial lien avoidances, relief from stay actions or any other adversary proceeding.**

---

### CERTIFICATION

I certify that the foregoing is a complete statement of any agreement or arrangement for payment to me for representation of the debtor(s) in this bankruptcy proceeding.

Dated:  **March 18, 2012**

**/s/ Gregory D. Bruno**
**Gregory D. Bruno**
**Law Offices of Gregory D. Bruno**
**1807 N. Broadway**
**Melrose Park, IL 60160**
**(708) 343-4544   Fax: (708) 343-4670**

---

## AGREEMENT AS TO ATTORNEY'S FEES AND COSTS

## FOR LEGAL REPRESENTATION IN CHAPTER 7 BANKRUPTCY

This Agreement is made this _20th_ day of _DECEMBER_, _2011_, by and between _TERRY A. KMIEC_ (and _MAUREEN T. KMIEC_), hereinafter referred to as the "Client," and GREGORY D. BRUNO and the Law Offices of GREGORY D. BRUNO, hereinafter referred to as the "Attorney," for legal services to be rendered by the Attorney on behalf of the Client in contemplation of or in connection with a chapter 7 bankruptcy case.

Client and Attorney agree that the minimum fee to be paid by Client to the Attorney for such legal services shall be $ _2,000.00_, which does/does not include the bankruptcy filing fee of $306.00, and which does/does not include a credit report fee of $ _70.00_. In this regard, Client agrees to deposit $ _500.00_ of the minimum fee as a retainer, prior to the preparation of a bankruptcy petition; and Client further agrees to pay the balance of the minimum fee within _3-4 MONTHS_ thereafter. (Attorney hereby acknowledges receipt of the sum of $ _500.00_ from Client on _12/20/11_).

In return for the above-disclosed minimum fee, Attorney hereby agrees to render legal services to the Client for all aspects of a chapter 7 bankruptcy, including:

(1) Analyze the amount and nature of the debts owed by the person filing bankruptcy and determine the best remedy for the person's financial problems.

(2) Advise the person filing of the relief available under chapter 7 and the other chapters of the Bankruptcy Code, and the advisability of proceeding under each chapter.

(3) Assist the person in obtaining the required pre-bankruptcy budget and credit counseling briefing.

1

(4) Assemble the information and data necessary to prepare the chapter 7 bankruptcy forms for filing.

(5) Prepare the petitions, schedules, statements and other chapter 7 forms for filing with the bankruptcy court.

(6) Assist the person filing bankruptcy in arranging his or her assets so as to enable the person to retain as many of the assets as possible after the chapter 7 case is filed.

(7) Filing chapter 7 petitions, schedules, statements and other forms with the bankruptcy court, and, if necessary, notifying certain creditors of the commencement of the bankruptcy case.

(8) If necessary, assisting the person filing bankruptcy in reaffirming certain debts, redeeming personal property, setting aside mortgages or liens against exempt property, and otherwise carrying out the matters set forth in the statement of intention.

(9) Attending the meeting of creditors with the person filing bankruptcy and appearing with the person at any other hearings that may be held in the case.

(10) Assist the debtor in attending and completing the required instructional course on personal financial management.

(11) If necessary, preparing and filing amended schedules, statements, and other documents with the bankruptcy court in order to protect the rights of the person filing bankruptcy.

Client hereby acknowledges and agrees that the minimum fee stated in this Agreement may not be sufficient to pay and/or reimburse the Attorney for all of his attorney's fees and costs/expenses, and in that event, the Client agrees to promptly pay any such additional amounts as they become due and owing.

Client also acknowledges and agrees that this Agreement does <u>NOT</u> cover, include or provide for legal representation of Client in other legal matters, including but not limited to: bankruptcy adversary proceedings, issues as to fraudulent conveyances, asset exemptions and/or debt dischargeability, tax proceedings, judicial lien avoidances, relief from stay actions, civil litigation, and criminal investigation and/or prosecution, for which additional fees would need to be agreed upon and pre-paid by the Client in the event that legal representation becomes necessary for those types of legal matters.

Due to a recent decision by the Illinois Supreme Court (Brian Dowling vs. Chicago Options Associates, Inc., Case No. 102578, Ill, 2007), the Attorney proposes to treat all payments made by the Client to the Attorney as an "advance payment retainer" in which the Client intends to make a present payment to the Attorney in exchange for the commitment to provide legal services in the future. Ownership of this retainer passes to

the Attorney immediately upon payment, and shall be deposited in the general office fund account of the Attorney and not in a client trust account, and shall be withdrawn by the Attorney at his sole discretion. While the Client has the option to have such monetary payment placed into a "security retainer" and the choice of the type of retainer to be used is the Client's alone, the Supreme Court has found that the use of an "advance retainer agreement" would be appropriate when a client is facing bankruptcy, a collection action or a criminal forfeiture proceeding and therefore needs to secure and protect sufficient funds out of the reach of seizure in order to hire legal counsel, thereby being advantageous to the client  Your signature on this Agreement shall acknowledge and confirm your acceptance and approval of the use of an "advance payment retainer" by the Attorney.

**The undersigned hereby acknowledges that he or she has read and does accept the foregoing Agreement.**

Signed: _____  Dated: _12/20/11_

Signed: _____  Dated: _12/20/11_

Signed: _____  Dated: _12/20/11_

# UNITED STATES BANKRUPTCY COURT
## NORTHERN DISTRICT OF ILLINOIS

## NOTICE TO CONSUMER DEBTOR(S) UNDER § 342(b)
## OF THE BANKRUPTCY CODE

In accordance with § 342(b) of the Bankruptcy Code, this notice to individuals with primarily consumer debts: (1) Describes briefly the services available from credit counseling services; (2) Describes briefly the purposes, benefits and costs of the four types of bankruptcy proceedings you may commence; and (3) Informs you about bankruptcy crimes and notifies you that the Attorney General may examine all information you supply in connection with a bankruptcy case.

You are cautioned that bankruptcy law is complicated and not easily described. Thus, you may wish to seek the advice of an attorney to learn of your rights and responsibilities should you decide to file a petition. Court employees cannot give you legal advice.

Notices from the bankruptcy court are sent to the mailing address you list on your bankruptcy petition. In order to ensure that you receive information about events concerning your case, Bankruptcy Rule 4002 requires that you notify the court of any changes in your address. If you are filing a **joint case** (a single bankruptcy case for two individuals married to each other), and each spouse lists the same mailing address on the bankruptcy petition, you and your spouse will generally receive a single copy of each notice mailed from the bankruptcy court in a jointly-addressed envelope, unless you file a statement with the court requesting that each spouse receive a separate copy of all notices.

## 1. Services Available from Credit Counseling Agencies

**With limited exceptions, § 109(h) of the Bankruptcy Code requires that all individual debtors who file for bankruptcy relief on or after October 17, 2005, receive a briefing that outlines the available opportunities for credit counseling and provides assistance in performing a budget analysis.** The briefing must be given within 180 days **before** the bankruptcy filing. The briefing may be provided individually or in a group (including briefings conducted by telephone or on the Internet) and must be provided by a nonprofit budget and credit counseling agency approved by the United States trustee or bankruptcy administrator. The clerk of the bankruptcy court has a list that you may consult of the approved budget and credit counseling agencies. Each debtor in a joint case must complete the briefing.

**In addition, after filing a bankruptcy case, an individual debtor generally must complete a financial management instructional course before he or she can receive a discharge.** The clerk also has a list of approved financial management instructional courses. Each debtor in a joint case must complete the course.

## 2. The Four Chapters of the Bankruptcy Code Available to Individual Consumer Debtors

### Chapter 7: Liquidation ($245 filing fee, $46 administrative fee, $15 trustee surcharge: Total Fee $306)

Chapter 7 is designed for debtors in financial difficulty who do not have the ability to pay their existing debts. Debtors whose debts are primarily consumer debts are subject to a "means test" designed to determine whether the case should be permitted to proceed under chapter 7. If your income is greater than the median income for your state of residence and family size, in some cases, the United States trustee (or bankruptcy administrator), the trustee, or creditors have the right to file a motion requesting that the court dismiss your case under § 707(b) of the Code. It is up to the court to decide whether the case should be dismissed.

Under chapter 7, you may claim certain of your property as exempt under governing law. A trustee may have the right to take possession of and sell the remaining property that is not exempt and use the sale proceeds to pay your creditors.

The purpose of filing a chapter 7 case is to obtain a discharge of your existing debts. If, however, you are found to have committed certain kinds of improper conduct described in the Bankruptcy Code, the court may deny your discharge and, if it does, the purpose for which you filed the bankruptcy petition will be defeated.

Even if you receive a general discharge, some particular debts are not discharged under the law. Therefore, you may still be responsible for most taxes and student loans; debts incurred to pay nondischargeable taxes; domestic support and property settlement obligations; most fines, penalties, forfeitures, and criminal restitution obligations; certain debts which are not properly listed in your bankruptcy papers; and debts for death or personal injury caused by operating a motor vehicle, vessel, or aircraft while intoxicated from alcohol or drugs. Also, if a creditor can prove that a debt arose from fraud, breach of fiduciary duty, or theft, or from a willful and malicious injury, the bankruptcy court may determine that the debt is not discharged.

### Chapter 13: Repayment of All or Part of the Debts of an Individual with Regular Income ($235 filing fee, $46 administrative fee: Total fee $281)

Chapter 13 is designed for individuals with regular income who would like to pay all or part of their debts in installments

over a period of time. You are only eligible for chapter 13 if your debts do not exceed certain dollar amounts set forth in the Bankruptcy Code.

       Under chapter 13, you must file with the court a plan to repay your creditors all or part of the money that you owe them, using your future earnings. The period allowed by the court to repay your debts may be three years or five years, depending upon your income and other factors. The court must approve your plan before it can take effect.

       After completing the payments under your plan, your debts are generally discharged except for domestic support obligations; most student loans; certain taxes; most criminal fines and restitution obligations; certain debts which are not properly listed in your bankruptcy papers; certain debts for acts that caused death or personal injury; and certain long term secured obligations.

### Chapter 11: Reorganization ($1000 filing fee, $46 administrative fee: Total fee $1046)

       Chapter 11 is designed for the reorganization of a business but is also available to consumer debtors. Its provisions are quite complicated, and any decision by an individual to file a chapter 11 petition should be reviewed with an attorney.

### Chapter 12: Family Farmer or Fisherman ($200 filing fee, $46 administrative fee: Total fee $246)

       Chapter 12 is designed to permit family farmers and fishermen to repay their debts over a period of time from future earnings and is similar to chapter 13.  The eligibility requirements are restrictive, limiting its use to those whose income arises primarily from a family-owned farm or commercial fishing operation.

## 3. Bankruptcy Crimes and Availability of Bankruptcy Papers to Law Enforcement Officials

       A person who knowingly and fraudulently conceals assets or makes a false oath or statement under penalty of perjury, either orally or in writing, in connection with a bankruptcy case is subject to a fine, imprisonment, or both. All information supplied by a debtor in connection with a bankruptcy case is subject to examination by the Attorney General acting through the Office of the United States Trustee, the Office of the United States Attorney, and other components and employees of the Department of Justice.

**WARNING:** Section 521(a)(1) of the Bankruptcy Code requires that you promptly file detailed information regarding your creditors, assets, liabilities, income, expenses and general financial condition. Your bankruptcy case may be dismissed if this information is not filed with the court within the time deadlines set by the Bankruptcy Code, the Bankruptcy Rules, and the local rules of the court.  The documents and the deadlines for filing them are listed on Form B200, which is posted at http://www.uscourts.gov/bkforms/bankruptcy_forms.html#procedure.

B 201B (Form 201B) (12/09)

# United States Bankruptcy Court
## Northern District of Illinois

In re    **TERRY A. KMIEC**
         **MAUREEN T. KMIEC**                          Case No. _____
                                       Debtor(s)          Chapter    **7**  _____

# CERTIFICATION OF NOTICE TO CONSUMER DEBTOR(S)
# UNDER § 342(b) OF THE BANKRUPTCY CODE

### Certification of Debtor

     I (We), the debtor(s), affirm that I (we) have received and read the attached notice, as required by § 342(b) of the Bankruptcy Code.

**TERRY A. KMIEC**
**MAUREEN T. KMIEC** _____    X   **/s/ TERRY A. KMIEC**           **March 18, 2012**
Printed Name(s) of Debtor(s)                            Signature of Debtor                 Date

Case No. (if known) _____    X   **/s/ MAUREEN T. KMIEC**       **March 18, 2012**
                                             Signature of Joint Debtor (if any)     Date

---

**Instructions:** Attach a copy of Form B 201 A, Notice to Consumer Debtor(s) Under § 342(b) of the Bankruptcy Code.

Use this form to certify that the debtor has received the notice required by 11 U.S.C. § 342(b) **only** if the certification has **NOT** been made on the Voluntary Petition, Official Form B1. Exhibit B on page 2 of Form B1 contains a certification by the debtor's attorney that the attorney has given the notice to the debtor. The Declarations made by debtors and bankruptcy petition preparers on page 3 of Form B1 also include this certification.

# United States Bankruptcy Court
## Northern District of Illinois

In re   **TERRY A. KMIEC**
**MAUREEN T. KMIEC**

Case No.

Debtor(s)   Chapter   **7**

## VERIFICATION OF CREDITOR MATRIX

Number of Creditors:                    **61**

The above-named Debtor(s) hereby verifies that the list of creditors is true and correct to the best of my (our) knowledge.

Date:   **March 18, 2012**          **/s/ TERRY A. KMIEC**

**TERRY A. KMIEC**
Signature of Debtor

Date:   **March 18, 2012**          **/s/ MAUREEN T. KMIEC**

**MAUREEN T. KMIEC**
Signature of Debtor

Amex / American Express
Po Box 297871
Fort Lauderdale, FL 33329

ARS National Services, Inc.
P.O. Box 463023
Escondido, CA 92046

ARS National Services, Inc.
P.O. Box 463023
Escondido, CA 92046

Associated Recovery Systems
ARS National Services Inc.
PO Box 469046
Escondido, CA 92046

Associated Recovery Systems
ARS National Services Inc.
PO Box 469046
Escondido, CA 92046

AT&T Universal Card
AT&T Universal Worlds MasterCard
PO Box 6500
Sioux Falls, SD 57117

Bank of America
PO Box 982238
El Paso, TX 79998

Best Buy
c/o HSBC Retail Services
PO Box 17298
Baltimore, MD 21297

BMO Harris Trust & Savings
111 W. Monroe Street
Chicago, IL 60603

Capital One
Capital One Bank (USA), N.A.
P.O. Box 85520
Richmond, VA 23285

Capital One, N.A.
c/o Kohl's
PO Box 3043
Milwaukee, WI 53201


CarMax Auto Finance
2040 Thalbro St.
Richmond, VA 23230


Carson's
HSBC Retail Services
PO Box 17264
Baltimore, MD 21297


Chase
PO Box 901076
Ft Worth, TX 76101


Chase / Chase Bank USA, N.A.
P.O. Box 15298
Wilmington, DE 19850


Chase / Chase Bank USA, N.A.
P.O. Box 15298
Wilmington, DE 19850


Chase Manhattan Mortgage
3415 Vision Dr.
Columbus, OH 43219


Citi
Po Box 6497
Sioux Falls, SD 57117


Citi / Citi Cards
PO Box 6500
Sioux Falls, SD 57117


Citi Ctb
Po Box 22066
Tempe, AZ 85285


Citi Ctb
Po Box 22066
Tempe, AZ 85285

```
Citibank, N.A. / The Home Depot
PO Box 6497
Sioux Falls, SD 57117


ConsecoFinance
345 St Peter / 900 Landmark
Saint Paul, MN 55102


CPU / Citibank NA
Po Box 6497
Sioux Falls, SD 57117


Discover Card / Discover Bank
Discover Financial Services LLC
P.O. Box 15316
Wilmington, DE 19850


FIA Card Services, N.A.
P.O. Box 15646
Wilmington, DE 19850


FIA Card Services, N.A.
655 Papermill Road
Wilmington, DE 19884


FIA Csna
FIA Card Services, N.A.
PO Box 982238
El Paso, TX 79998


GE Capital Retail Bank
Attn: Bankruptcy Dept.
P.O. Box 103104
Roswell, GA 30076


GE Capital Retail Bank
Attn: Bankruptcy Dept.
P.O. Box 103104
Roswell, GA 30076


GE Capital Retail Bank
Attn: Bankruptcy Dept.
P.O. Box 103104
Roswell, GA 30076
```

GE Capital Retail Bank / JCPenney
PO Box 984100
El Paso, TX 79998


GE Capital Retail Bank / Sams Club
PO Box 981400
El Paso, TX 79998


Gecrb / Home Design-Hi-P
GE Capital Retail Bank
PO Box 981439
El Paso, TX 79998


GMAC Mortgage
P) Box 4622
Waterloo, IA 50704


Hinsdale B&T
25 E First St
Hinsdale, IL 60521


Hinsdale Bank & Trust
25 E. First Street
Hinsdale, IL 60521


Home Depot Credit Services
PO Box 182676
Columbus, OH 43218


HSBC / Best Buy
HSBC Retail Services
PO Box 15519
Wilmington, DE 19850


HSBC / Carson's
PO Box 15521
Wilmington, DE 19805


HSBC / Carson's
Po Box 15521
Wilmington, DE 19805


Hsbc / Wickes
90 Christiana Rd.
New Castle, DE 19720

HSBC Bank Nevada, NA / Menards
90 Christiana Rd.
New Castle, DE 19720

JCPenney
PO Box 960090
Orlando, FL 32896

Kohl's Payment Center
PO Box 2983
Milwaukee, WI 53201

Kohls / Capital One N.A.
N56 W 17000 Ridgewood Dr.
Menomonee Falls, WI 53051

Menards
c/o HSBC Retail Services
PO Box 17602
Baltimore, MD 21297

Metlife Home Loan
4000 Horizon Way
Irving, TX 75063

Nbg l- Carsons
140 W. Industrial Drive
Elmhurst, IL 60126

Nbgl - Carsons
140 W. Industrial Drive
Elmhurst, IL 60126

New York Community Bank
1801 E 9th St., Ste 200
Cleveland, OH 44114

Project Line
c/o GE Capital Retail Bank
PO Box 981439
El Paso, TX 79998

Rnb-Fields3
Po Box 9475
Minneapolis, MN 55440

```
Rnb-Fields3
Po Box 9475
Minneapolis, MN 55440


Sam's Club Credit
PO Box 530942
Atlanta, GA 30353


Sears / Citibank NA
Po Box 6189
Sioux Falls, SD 57117


Sears / Citibank NA
Po Box 6189
Sioux Falls, SD 57117


Target
Target National Bank
P.O. Box 59317
Minneapolis, MN 55459


Transamerica Bank
11227 Lakeview Ave
Lenexa, KS 66219


Unvl / Citi
PO Box 6241
Sioux Falls, SD 57117


Wfm/Wbm
3480 Stateview Blvd Bldg
Fort Mill, SC 29715
```